Nicholson, C. J.,
delivered the opinion of the court.
This is a motion against the administrator of Samuel Burnett, deceased, in the Circuit Court of Roane county, made in the name of the State, for the use of Roane county, to recover the amount of the State taxes for 1864 collected by Samuel Burnett, deceased, as tax collector for said county. The motion was made by the District Attorney-General, in pursuance of an act of the General Assembly passed on the 19th *187 of February, 1868. This’ act recites, that in 1864 Samuel Burnett, as tax collector, collected the State taxes from various citizens'. of Roane county, which taxes remained in his hands unaccounted for at his death, which occurred in 1866. For the purpose of enabling his representative to make settlement, it was enacted by the General Assembly, that the Chairman of the County Court notify the administrator to appear and render a schedule in detail of the taxes collected by his intestate in 1864; and if such schedule should be furnished, and should be satisfactory to the chairman, he should have the 'same recorded in one of the record books of the County Court Clerk, and give to the administrator a warrant to pay the same to the County Trustee. If paid by the administrator to the trustee, he was to refund it to the various persons from whom it had been collected; but if the administrator failed to furnish the schedule, the Attorney-General, at the instance of the chairman, was to take judgment by motion in the Circuit Court, in the name of the State, for the use of the County of Roane, against the administrator and the securities of the deceased collector, for whatever amount they may be liable for; and the notice or warrant given by the chairman shall be sufficient evidence against them.
The chairman gave the notice to the administrator to furnish the schedule, but he failed to do so. Thereupon, the District Attorney-General moved for judgment, as provided for in the statute referred to, for $2,000. The administrator appeared and admitted that he had not furnished the required schedule. *188 The motion was disallowed by the court. From this judgment' the Attorney-General prosecuted an appeal to this court.
It is insisted, for defendants, that the act of February 19th, 1868, under which the motion was made, is unconstitutional, and hence that the motion was correctly disallowed by the Circuit Judge.
It appears that on the 8th of June, 1865, the Legislature passed an act releasing the people of the State from the payment of the State taxes for the years of 1862, 1863, and 1864; provided, that nothing in the act was to be construed to refund to the people any taxes already collected for those years.
This was a general law applicable to all the counties, and was therefore obnoxious to no constitutional objection. By this law the State taxes already collected were not to be refunded to those who paid them, but continued to constitute part of the revenue of the State subject to be collected from the several collectors in pursuance of the existing provisions of the laws on this subject.
But by the Act of February 19, 1868, the county of Roane is singled out, and the amount of the State revenue in the hands of the representatives of the collector for that county is directed to be diverted from the State into the county treasury, and then to be refunded to those from whom it was collected. It is provided, in s. 8, art. 11 of the Constitution, that “the Legislature, shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of indi *189 viduals, inconsistent with -the general laws of the land. The general law appropriates the taxes collected in 1864 in the various counties of the State to the general purposes of the government, as State revenue. This act suspends this general law as to Roane county; and for the benefit of the individuals who paid these taxes in that county, directs them to be refunded to them. In other words, the act undertakes to donate to certain individuals in Roane county, out of the treasury of the State, the several amounts paid by them into the treasury in 1864, but confers no such benefit on the other individuals in other counties of the State who had made like payments into the treasury. The statement of the proposition exposes its unconstitutionality without further remark or argument.
But, in the next place, it is insisted that the other provisions of the act by which it is directed that the Chairman of the County Court- shall call the administrator to a settlement, and, on his failure, shall move for judgment in the name of the State for the use of the county, are alike unconstitutional, because in violation not only of the 8th section, art. 11, of the Constitution, but of s. 8 of art. 1, which declares that no man shall be deprived of his property but by the judgment of his peers or the law of the land. It is settled by a long train of decisions in our State, that the “law of the land” is “a general and public law, equally binding upon every member of the community.” It is too clear to- require argument that the act of February 19th, 1868, ss. 30, 31, 32, 33 & 34, can- not be regarded, as the law of the land.
*190 'We are therefore of opinion that the Circuit Judge committed no error in disallowing the motion, and we affirm the judgment.