## SOUTHERN RY. CO. *v.* STATE.*

### (*Knoxville.* September Term, 1914.)

1. **RAILROADS. Crossings. Change of grade. Power of municipality.**

A municipal corporation having full control over its streets, and the railroad crossings over such streets, can both alter the grade of the streets, and compel railroad companies maintaining overhead crossings to reconstruct such crossings to conform to the new grade. (*Post, p.* 264.)

Code cited and construed: Sec. 6871 (S.).

Acts cited and construed: Acts 1875, ch. 92; acts 1903, ch. 133.

Cases cited and approved: Dyer County v. Railroad, 87 Tenn., 712; Chattanooga v. Railroad, 128 Tenn., 399.

2. **MUNICIPAL CORPORATIONS. Streets. Power of.**

Under Shannon's Code, sec. 1679, providing that the general highway laws shall not apply to incorporated cities or towns, neither the county court nor any other authority can interfere with the control of the streets within a municipality. (*Post, p.* 264.)

Code cited and construed: Sec. 1679 (S.).

Cases cited and approved: State v. Mayor, 40 Tenn., 263; De Tavernier v. Hunt, 53 Tenn., 599.

3. **MUNICIPAL CORPORATIONS. Streets. Liability for.**

Where a municipal corporation allows its streets to get out of repair or become obstructed so as to constitute a public nuisance, both the municipality and its officers are liable to indictment. (*Post, pp.* 264,265.)

Cases cited and approved: State v. Barksdale, 224 Tenn., 154; Chattanooga v. State, 37 Tenn., 578; State v. Murfreesboro, 30 Tenn., 217; Hill v. State, 36 Tenn., 443; State v. Shelbyville, 36 Tenn., 177.

---

*For the liability of a municipal corporation for nuisance caused by change of highway grade, see note in 1 L. R. A. (N. S.), 129.

4. **RAILROADS.** Obstruction of streets of municipality. Criminal responsibility.

Where a municipality raised the grade of a street under a railroad trestle to such an extent that large loads could not pass thereunder, but did not require the railroad company to elevate its trestle, the railroad company is not liable to prosecution for obstructing the street, even though the trestle constituted a nuisance, for the nuisance, if any, was caused by the act of the municipality. (*Post, pp.* 265-269.)

Cases cited and approved: Brown v. McAllister, 39 Cal., 573; Magee v. Railroad, 13 Pa. Sup., 187; Brimberry v. Savannah, etc., R. Co., 78 Ga., 641.

Case cited and distinguished: State v. Rankin, 3 S. C., 438.

FROM ANDERSON.

Error to Criminal and Law Court of Anderson County.—XEN HICKS, Judge.

SAWYER & UNDERWOOD and L. D. SMITH, for plaintiff in error.

J. H. WALLACE and J. B. BURNETT, for the State.

MR. JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was indicted for obstructing a certain public road or street in the town of Clinton, a municipal corporation, was found guilty, and fined $50, and the obstruction ordered to be removed in pursuance of the requirements of the statute (Shannon's Code, sec. 6871). The case has been brought

Southern Ry. Co. v. State.

to this court for review, and a number of errors are assigned to the action of the court below. It will be necessary to consider only that error which questions the sufficiency of the evidence to support the verdict and judgment of the trial court.

While there was some conflict in the proof, the preponderance of the evidence is to the effect that in 1887 and 1888 a certain trestle was constructed by the Walden Ridge Railway, the predecessor of plaintiff in error, over what was then known as the Jacksboro road in the town of Clinton. At the time of its construction, this trestle was of sufficient height over the street to permit free travel and use of the said road. The said crossing was in the town of Clinton, but at the time the trestle was built, Clinton was not incorporated. Later the town of Clinton was incorporated, just when it does not appear from this record. In 1903 the first charter of this town was abolished and it was reincorporated under chapter 92 of the Acts of 1875, and chapter 133 of the Acts of 1903.

The preponderance of the testimony is that the level of this trestle has not been changed since it was first built by the Walden Ridge Railway Company in 1888. After the town of Clinton was incorporated, however, that municipality, by its agents, filled in the Jacksboro road or street, so as to raise its level, at the point where it is crossed by the trestle, between two and two and one-half feet. The result is that the trestle is not now high enough above the road to permit of the passage under it of loads of hay, fodder,

and vehicles loaded in this manner. In other words, under present conditions, the trestle is an obstruction to the free use of this road, and the railway company has accordingly been indicted for obstructing the public highway and the trestle found by the court to be a nuisance.

To a number of propositions contained in the brief for the State, we fully agree.

Under its charter, the town of Clinton has full control of its streets and railroad crossings over the streets. The municipality can alter the grade of its streets, and there can be no doubt under our cases but that it has the power to require railroad companies maintaining overhead crossings to reconstruct said crossings to conform to any change made in the level of the streets thereunder. *Dyer County* v. *Railroad*, 87 Tenn., 712, 11 S. W., 943; *Chattanooga* v. *Railroad*, 128 Tenn., 399, 161 S. W., 1000.

Moreover, the town of Clinton alone has control over its streets and crossings within the corporate limits, and neither the county court nor any other authority can interfere with the municipality in the exercise of this control. Shannon's Code, sec. 1679; *State* v. *Mayor, etc., of Loudon*, 3 Head, 263; *De Tavernier* v. *Hunt*, 6 Heisk., 599.

If, however, the municipality permits its streets to get so out of repair or obstructed as to become a public nuisance, the said municipality and its officers are liable to indictment. *State* v. *Barksdale, Mayor*, 5 Humph., 154; *Chattanooga* v. *State*, 5 Sneed, 578; *State*

v. *Murfreesboro,* 11 Humph., 217 ; *Hill* v. *State,* 4 Sneed, 443; *State* v. *Shelbyville,* 4 Sneed, 177.

So while it must be conceded that the municipality has full power over its streets and can change the grades thereof, and likewise has full power to regulate the manner in which railroads shall cross these streets, and can require crossings to be altered and reconstructed, nevertheless none of these considerations are determinative here.

Although the town of Clinton might have required the Southern Railway Company to change the level of this crossing over Jacksboro road or street, it has not seen proper to attempt any such thing. The municipality has filled up the street under the trestle, but so far as this record shows, has been content that the trestle remain as it was before the level of the road was changed. The railway company has done nothing whatever to its trestle, and it was without power to interfere with the action of the municipality in raising the level of this road.

Under these circumstances, we are of opinion that the railway company is not liable to indictment for obstructing the public highway. We think the obstruction was caused by the act of the town of Clinton and the town of Clinton is liable to indictment if any one is.

Ordinarily one is not civilly liable for a nuisance caused or promoted by others over whom he has no control; nor is one bound to go to expense or litigation to abate such a nuisance.

An owner of land upon a declivity who has no control of the property lying above his own, nor over the people who occupy it, is not liable to the owner of the property next below his own for damages, arising from offensive matter thrown, without any fault of his, upon the upper lot and flowing naturally across his premises onto the lot below. *Brown* v. *McAllister*, 39 Cal., 573.

Where a turnpike company built a drain into which an owner of land through which it flows, without the knowledge or consent of the company, turned foul matter, causing a nuisance and damage to another upon whose premises the drainage was cast, under these circumstances the landowner contributing the foul matter to the drain was held to be alone liable for the resulting damage. *Magee* v. *Penn., etc., R. Co.*, 13 Pa. Super. Ct., 187.

Likewise it was held that where a railroad company had constructed a ditch along its track through which polluted water flowed into a pond on adjacent premises, depositing garbage and filth on said premises, and creating a nuisance, the railroad company was not liable to the owner of the premises for resulting damages where said pond was the natural outlet of the water originally flowing through the ditch, and the increase of flow after the building of the railroad and ditch and the pollution of the water was caused by drains and ditches and embankments on the lands of others over which the company had no control. *Brimberry* v. *Savannah, etc., R. Co.*, 78 Ga., 641, 3 S. E., 274.

We think the rule to be deduced from the foregoing cases is that no one is civilly answerable for a nuisance, even though that nuisance be immediately promoted by his own property, if this result is occasioned by the act of others, over whom he has no control, so affecting his property as to make it an agency contributing to the nuisance. In other words, the proximate cause of every nuisance must be ascertained in fixing liability therefor, and when one's property is, by the act of independent third parties, made the instrumentality of a nuisance, such act of such parties is the proximate cause, and the innocent owner of the property is not responsible.

The same principle would apply to a criminal prosecution of a nuisance. One who so uses his property as that it becomes a nuisance to the public is subject to indictment and conviction. If his use thereof injures an individual, he is subject to an action for damages. In neither case is a defendant responsible for a nuisance not proximately resulting from some act or omission of his own with respect to his property. ·

In a South Carolina case, the defendant was indicted for a nuisance occasioned by an overflow from the head of a millpond which he maintained. The proof showed defendant's dam had been erected in the stream for many years without causing an overflow or damage to the neighborhood. Landowners undertook to deepen and alter the channel of the stream above the millpond for drainage purposes, and there was evidence that, as a result of this work, large quantities of sand and

debris came down and accumulated at the head of the pond, and that the obstruction thus formed occasioned the overflow.  The supreme court of South Carolina reversed a judgment of conviction, and, among other things, said:

"While it is true that the defendant would be liable if his obstruction of the creek, by his pond and dam, was in itself the cause of the injuries complained of, yet, if the consequences are to be attributed to the acts of others, so affecting his property that it becomes a public nuisance, it would not appear consistent with justice or propriety that he should be held to responsibility.

"The mere erection of the mill and dam on his own land was no nuisance; and if results, though injurious, yet not proximate and direct, followed, because set in motion by the acts of others, either in cutting the ditch, which by the accumulation of sand choked the channel and raised it higher than the adjacent banks, thus forcing the water over the edges of the ditch or banks, and collecting it in pools or holes, or from the increased cultivation in the neighborhood, it would seem that the consequences are to be referred to an agency operating on the property of the defendant, for which he should not be liable, because not employed by him. They were not proximate or direct, in the legal sense in which those terms are understood.  He must be held accountable for the unlawful effects which naturally or directly proceeded from his acts." *State* v. *Rankin*, 3 S. C., 438, 16 Am. Rep., 737.

Southern Ry. Co. v. State.

So in this case, we think that the act of the town of Clinton in raising the level of this street was the proximate cause of the obstruction. Until the railroad company is directed by the municipal authorities to reconstruct its trestle, the maintenance thereof at its present level is not unlawful. The nuisance has resulted from the act of the municipality, and plaintiff in error is not responsible for the same.

The evidence preponderates against the verdict and judgment below, and the case will be reversed.