LEO LILES *et al. v.* J. G. CREVELING, HIGHWAY COM'R.*

*(Nashville.   December Term, 1924.)*

1. **HIGHWAYS.** State may change course or route of highway.

The State may, in exercise of police power, take charge of highways
and change course or route thereof, and may act in such manner
either by act of legislature or delegate such authority to a com-
missioner, as was done by Acts 1917, chapter 74; Acts 1919, chapter
149; Acts 1923, chapter 7.   (*Post, pp.* 64, 65.)

Acts cited and construed: Acts 1917, ch. 74; Acts 1919, ch. 149; Acts
1923, ch. 7.

Cases cited and approved: State ex rel. v. Cummings, 130 Tenn.,
566; State Highway Dept. v. Mitchell's Heirs, 142 Tenn., 58; Wil-
liamson Co. v. Turnpike Co., 143 Tenn., 628; N. Pac. Ry. Co. v. Min-
nesota ex rel. Duluth, 208 U. S., 583; Chattanooga v. Railroad, 128
Tenn., 399; N. C. & St. L. Ry. v. Middle Fork, etc., Dr. Dist., 149
Tenn., 490; Dyer Co. v. Railroad, 87 Tenn., 712; Harriman v. Rail-
road, 111 Tenn., 538; So. Ry. Co. v. State, 130 Tenn., 261.

2. **HIGHWAYS.** Highway commissioners cannot contract as to location
of road precluding later change of route.

State highway commissioners could not make contract as to location
of road which would be binding upon themselves or their succes-
sors, where it later appeared that a deviation from route agreed
on was required by public welfare, since any such contract is made
subject to right of State to withdraw from it when public safety so
requires. (*Post, pp.* 65, 66.)

3. **CONSTITUTIONAL LAW.** Estoppel. Neither contract nor prescrip-
tion can defeat exercise of police power: estoppel not invocable
against public interest.

Neither contract nor prescription can be interposed to defeat the ex-
ercise of the police power, and much less can an estoppel *in pais* be
invoked as against public interest.   (*Post, p.* 66.)

4. **EMINENT DOMAIN.** State highway commissioner may take posses-session of property on filing of condemnation suit.

Compensation for land duly taken in constructing a highway being provided for by Acts 1917, chapter 74, and Acts 1919, chapter 149, the State highway commissioner may enter and take possession of property immediately on filing of condemnation suit. (*Post, pp.* 66, 67.)

Acts cited and construed: Acts 1917, ch. 74; Acts 1919, ch. 149.

5. **HIGHWAYS.** County's consent unnecessary to acquisition of rights of way for State highway system.

Under Acts 1917, chapter 74, section 4, and Acts 1919, chapter 149, section 8, consent of county, through which proposed State highway is to be constructed, is not necessary and county's refusal to co-operate cannot defeat acquisition of rights of way for State high-way system, and State highway commission may condemn rights of way when county does not act immediately upon request of high-way commission. (*Post, pp.* 67-69.)

Acts cited and construed: Acts 1923, ch. 436.

---

*Headnotes 1. Highways, 29 C. J., Section 199; 2. Highways, 29 C. J., Section 199 (1926 Anno); 3. Constitutional Law, 12 C. J., Section 423; Estoppel, 21 C. J., Section 190; 4. Eminent Domain, 20 C. J., Section 269; 5. Highways, 29 C. J., Section 51.

### FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. JOHN R. AUST, Judge.

P. H. DUKE and J. B. DANIEL, for Liles.

F. M. THOMPSON, for Creveling.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The original bill herein was filed by Liles and other citizens of Cheatham county, residing near Kingston Springs, to enjoin the defendant, State highway commissioner, from locating and building the road called the Memphis to Bristol highway, in its course through Cheatham county, over what is known as the Dog Creek route, and to compel said commissioner to locate said highway through Cheatham county over what is known as the Kingston Springs route. J. T. Henry and other citizens of Cheatham county, over whose land the Dog Creek route passes were allowed to file a petition in the cause, and in this petition they ask that the highway commissioner be enjoined from taking any of their lands for the purpose of said highway. The chancellor issued a temporary restraining order. There was a hearing on the application for injunction, at which affidavits were read, and the chancellor declined to award an injunction. Inasmuch as the only relief sought, either by the original bill or by the petition, was an injunction, the chancellor dismissed both the bill and the petition, and granted the complainants and the petitioners an appeal to this court.

There is no controversy about the facts, and the affidavits presented on the application for an injunction need not be specially noticed.

It seems that the predecessors in office of defendant highway commissioner, two or three years ago, determined to locate the Memphis to Bristol highway through

Cheatham county over the Kingston Springs route. It appears that this conclusion as to the location of said highway was based upon an agreement of complainants and other citizens of this locality to spend themselves certain money, and perform certain work, on this Kingston Springs route. Relying upon an agreement with the predecessors of the defendant, the complainants have expended in money and in work about $5,000 preparing the Kingston Springs route for acceptance as the route of the Memphis to Bristol Highway.

After the defendant highway commissioner assumed office, and upon further investigation by him, he found that there was serious objection to the adoption of the Kingston Springs route. In fact the government authorities refused to agree to that route, and the defendant highway commissioner found that he could obtain no government aid for the road if the Kingston Springs route was adopted by him. For this controlling reason, the defendant abandoned the Kingston Springs route as a part of the Memphis to Bristol Highway and adopted the Dog Creek route.

In denying the injunction sought by the complainants, the chancellor was obviously correct. The complainants aver a contract with the predecessors of defendant with reference to the adoption of the Kingston Springs route, but such a contract cannot be enforced.

The State has full authority over its highways, and, in the exercise of the police power, may take them in charge, and, in the public interest, change the course or route of any highway. The State may act in such a matter either directly, by act of the legislature, or may dele-

gate such authority to a commission or a commissioner. *State ex rel.* v. *Cummings,* 130 Tenn., 566, 172 S. W., 290, L. R. A., 1915D, 274; *State Highway Department* v. *Mitchell's Heirs,* 142 Tenn., 58, 216 S. W., 336; *Williamson County* v. *Turnpike Co.,* 143 Tenn., 628, 228 S. W., 714.

Full authority in the premises has been delegated to defendant highway commissioner by acts of the legislature previously held valid by this court. Chapter 74, Acts of 1917; chapter 149, Acts of 1919; chapter 7, Acts of 1923.

"But the exercise of the police power cannot be limited by contract for reasons of public policy, nor can it be destroyed by compromise, and it is immaterial upon what consideration the contracts rest, as it is beyond the authority of the State or the municipality to abrogate this power so necessary to the public safety." *Northern Pacific R. Co.* v. *Minnesota ex rel. Duluth,* 208 U. S., 583, 28 S. Ct., 341, 52 L. Ed., 630.

The foregoing statement of the law by the supreme court of the United States has been twice quoted and followed by this court. *Chattanooga* v. *Railroad,* 128 Tenn., 399, 161 S. W., 1000; *Nashville, C. & St. L. Ry.* v. *Middle Fork, etc., Drainage District,* 149 Tenn., 490, 261 S. W., 975. To the same effect see *Dyer County* v. *Railroad,* 87 Tenn., 712, 11 S. W., 943; *Harriman* v. *Railroad,* 111 Tenn., 538, 82 S. W., 213; *Southern Ry. Co.,* v. *State,* 130 Tenn., 261, 169 S. W., 1173, L. R. A., 1915B, 766.

Under these authorities highway commissioners could not make a contract as to the location of a road that would be binding upon themselves or their successors in a case where it later appeared that a deviation from the route

agreed upon was required by the public welfare. Any such contract is made subject to the right of the State to withdraw from it when the public safety so requires.

A contract cannot be interposed to defeat the exercise of the police power, neither can prescription. *Nashville, C. & St. L. Ry.* v. *Middle Fork, etc., Drainage District,* supra. Much less could an estoppel *in pais* be invoked as against the public interest.

The petitioners Henry and others seek to enjoin the defendant highway commissioner from taking any portion of their lands, over which the Memphis to Bristol highway will pass, following the Dog Creek route. They aver that the defendant has advertised for bids for the construction of said highway over their lands, and has notified them that it is intended to take portions of their lands for this purpose, and that the defendant is about so to proceed. The defendant highway commissioner, in his affidavit filed on the hearing below, admits that it is his intention to lay out said highway over the lands of petitioners, and that he has advertised for bids for contracts for the construction of said highway over said lands, but he disclaims any intention of entering upon the lands of the petitioners until condemnation proceedings are duly instituted in court.

We think it is obvious that the defendant highway commissioner has no intention of undertaking to appropriate any part of the lands of petitioners until condemnation suits are filed. Upon the filing of such suits, said defendant is entitled to enter upon said lands, and compensation for the land taken is duly provided by

chapter 74 of the Acts of 1917, and chapter 149 of the Acts of 1919. *State Highway Department* v. *Mitchell's Heirs,* supra; *Williamson County* v. *Turnpike Co.,* supra.

It appears that while the Kingston Springs road was in contemplation, the county court of Cheatham county passed a resolution providing for a bond issue in aid of the construction of the Memphis to Bristol highway. Later, either because of the change of route, or for some other reason, the county court of Cheatham county rescinded its previous action, and the county of Cheatham now refuses to aid or to have anything to do with the construction of said highway.

In section 4 of chapter 74 of the Acts of 1917, it is provided that before receiving the benefit of said act, every county, through its county court by proper order, shall give to the highway department a sufficient guaranty that the county will comply with the requirements of the act. Likewise, in section 8, chapter 149 of the Acts of 1919, it is provided that in order to participate in the expenditure of the funds of the State highway department, all counties shall comply with the requirements of the law and the rules and regulations of said department, etc.

It is argued on behalf of petitioners that the foregoing sections of the aforesaid acts indicate that the legislature intended to leave it to the choice of each county as to whether it participates in or takes the benefit of the road construction program formulated in the statutes. Therefore it is urged that, unless a particular county acquiesces in the construction of a highway through its borders, the highway department or commissioner is not at lib-

erty to proceed under the authority of the aforesaid statutes.

We cannot give such a construction to the sections relied upon. Under the two statutes, every county seems to be entitled to some State aid for its roads. The legislature doubtless intended to require from each county a proper assurance, before such county could claim anything as a matter of right under the two acts.

We are satisfied, however, that it was never contemplated that any particular county might defeat the acquisition of rights of way for the State highway system by its refusal to co-operate. On the contrary, the statutes referred to give to the State highway commission authority to proceed to condemn rights of way for designated highways whenever the county authorities of a county, through which such a road has to be located, do not act immediately, upon the request of the highway commission, in the matter of procuring and furnishing rights of way.

The question of the county's duty with reference to co-operating in the construction and maintenance of highways within its borders is not before us.

There was an act of the legislature (chapter 436 of the Private Acts of 1923), which undertook to direct the location of the Memphis to Bristol highway through Cheatham County over the Dog Creek route. We need not notice this act, however, since the refendant highway commissioner states that his action in changing the route from Kingston Springs was not based upon such statute, but upon the matters heretofore mentioned.

Liles v. Creveling.

The chancellor held chapter 436 of the Private Acts of 1923 unconstitutional, and all parties in this court concede that it is invalid. Since the act is not relied upon it is not necessary for us to pass on its constitutionality.

We find no error in the action of the chancellor, and his decree will be affirmed.