HARRY S. BERRY, COMMISSIONER, ETC. *v.* McGAVOCK HAYES
*et al.*

(*Nashville,* December Term, 1929.)

Opinion filed  May 24, 1930.

T. P. HENDERSON, Assistant Attorney-General, for plaintiff in error.

W. J. SMITH, for Williamson County.

R. H. CROCKETT, for Hayes.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The constitutionality of Chapter 45, Private Acts of 1923, is involved. That act provided "that the State Highway Commission shall not have the right or power to impose expenses upon" Williamson County, designated by population, "without the consent of such County." In exercise of the power conferred by the General Highway Acts, Chapter 74, Acts of 1917, and Chapter 149, Acts of 1919, providing for a "system of State Highways" and expressly empowering the Highway Department to designate all such roadways and to prose-

cute condemnation proceedings, and requiring all counties alike to pay therefor, the Highway Commissioner brought this suit to condemn a small strip of land in Williamson County. These general acts have been construed and sustained. *State Highway Dept.* v. *Mitchell's Heirs,* 142 Tenn., 58; *Williamson Co.* v. *Turnpike Co.,* 142 Tenn., 644; *Liles* v. *Creveling,* 151 Tenn., 61.

Defense was interposed by the County, relying on the local act above referred to, on the ground that the County did not consent. In reply the State Commissioner challenged the constitutionality of the local act as violative of Section 8, Article 1, and Section 8, Article XI, of the State Constitution and the Fourteenth Amendment to the Federal Constitution. The trial court held the local act unconstitutional and gave judgment against the County. The County has appealed. We concur with the learned trial Judge.

It is clear that this act is within the prohibition of Section 8, Article XI, in that it suspends a general law and grants immunities and exemptions to Williamson County which no other County may enjoy. It is arbitrary class legislation for which no possible justification can be conceived. There is no reasonable ground for granting an immunity to Williamson County which does not apply to every other County alike. Williamson County enjoys with every other County the benefits of the State Highway System. Among our cases in point are: *Memphis* v. *Fisher,* 68 Tenn. (9 Bax.), 239; *Railroad* v. *Memphis,* 126 Tenn., 286; *Fleming* v. *Memphis,* 126 Tenn., 335.

For the County it is said that this special legislation applicable to one County is justified because it deals with the County in its governmental capacity, a distinction well recognized by our cases. However, it is the

State government and not that of the County which is involved, the highways authorized to be constructed being State roads as distinguished from County roads. It is a State, not a County, purpose, as much so as if the legislation provided for the erection of a State Capitol or prison. An attempt by a special act to exempt any particular County from its proportionate share of the tax for such purpose, on the objection of its County Court, would be obviously unlawful. The burden of building a highway through more than one County could not be placed on a single County to the exclusion of those others through which the highway ran. The converse is true.

Late cases reaffirming the principle that a general law, applicable to all Counties alike, may not be affected by a special act applicable to a single County, are *Howe* v. *Hawkins Co.*, 159 Tenn., 651, and *Roberts* v. *Roane Co.*, 160 Tenn., 109, 23 S. W. (2d), 239. But the principle has even clearer application to the facts of this case, for here the legislation, as already indicated, is designed to effect and finance a State purpose, a form of taxation for the use of the State as a whole.

The judgment is affirmed.