HILL *et al. v.* SNODGRASS, COUNTY TRUSTEE.

(*Nashville,* December Term, 1933.)

Opinion filed March 10, 1934.

S. G. BUTLER, of Sparta, for appellants.

CAMP & CAMP, of Sparta, for appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

By chapter 45 of the Public Acts of 1931 a portion of the revenue derived from the state tax on the sale of gasoline is set apart as a "county aid fund," to be distributed among the several counties of the state. It is directed that the funds so paid to each county shall be "used by the county highway authorities in the building, repairing and improvement of county roads and bridges." (Section 3.)

The county road system of White county is governed and controlled by Private Acts 1927, chapter 688. An amendment to that act, Private Acts 1933, chapter 650, directs the county trustee of White county to withhold one-fourth of the county's part of the county aid fund, together with the same proportion of all other road funds, "as a sinking fund to pay off all indebtedness, notes, bonds, interest and principal of all outstanding road bonds of the County."

The road commissioners of White county, by this proceeding, seek a declaration as to the constitutional validity of this statutory application of the county aid fund in White county. They assert that it is an arbitrary preference of White county, violative of article 11, section 8, of the Constitution of Tennessee.

Authority to apply a portion of the county aid fund to the satisfaction of preexisting indebtedness is denied by the general law to other counties. The indebtedness

to which the fund may be applied in White county, under the Act of 1933, is not limited to current obligations of the county incurred in the building of roads, but includes the funded debt, which may have been incurred in previous years. This is a direct financial aid to White county, in which other counties in like situation have no share.

An appropriation of state revenue to a county affects the county in its proprietary capacity, and, if the appropriation confers a special benefit upon the county, from which other like counties are excluded, its citizens and taxpayers are unduly favored, to the prejudice of the citizens of the other counties; a result violative of the constitutional limitation above cited. *Baker* v. *Hickman County,* 164 Tenn., 294, 310, 47 S. W. (2d) 1090, and cases there cited.

The circuit court adjudged the act of 1933 unconstitutional, and directed the county trustee to pay over to the county road commission the sums he had retained under the act. The pleadings do not support such judgment. The judgment to be entered here will consist solely of a declaration that section 13 and the second paragraph of section 14 of chapter 650 of the Private Acts of 1933 are unconstitutional and inoperative, as in conflict with the Constitution, article 11, section 8, to the extent that they authorize and direct the application of any part of the "county aid fund" otherwise than is provided in chapter 45 of the Public Acts of 1931. The costs will be paid by the plaintiff as a charge against the road funds of the county.