HASSELL *et al. v.* WALTERS *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed May 2, 1936.

C. L. BOYD, of Waynesboro, for appellants.

R. R. HAGGARD, of Waynesboro, for appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

The complainants, members of the Wayne county highway commission, filed a bill challenging chapter 333, Private Acts of 1935, applicable to Wayne county by reference to the federal census. The prayer was for a declaration that the act is unconstitutional, and for an injunction to restrain the state commissioner of highways and public works from exercising the powers conferred by the act. The chancellor held the act unconstitutional in a decree overruling defendant's demurrer to the bill and they appealed.

It is insisted by the assignments of error and brief that the act is a valid enactment regulating revenue derived from the state and the expenditure thereof by the county in its governmental capacity.

The complainants hold office by appointment of the county court under chapter 54, Pub. Acts 1929, section 3278 of the Code. The subsequent sections of the Code relate to the powers and duties of the county highway commission and, among other things, provide for the appointment by the commissioners of a county highway supervisor.

Under chapter 45, Pub. Acts 1931, section 3291 of the Code Supp. 1932, the equivalent of 2 cents of the state gasoline tax is prorated and distributed through the comptroller to the several counties of the state to be used by the county highway authorities in building and maintaining county roads and bridges. While it might have been done, the state reserved no right to control any part of the fund distributed to the counties. There is a proviso authorizing the county court of any county, at discretion, to confer authority upon the state highway commissioner to expend the county's *pro rata* of the gas tax on projects selected by the county highway department. But that provision left control of the expenditure to the county authorities.

 By the appropriation under section 3291 of the Code Supp. 1932, and when prorated and paid to the county trustee, the county's *pro rata* of the gasoline tax became county revenue.

"'That counties have a proprietary right in their revenues, raised by taxation for county purposes, is recognized by the cases holding that such revenues may not be appropriated by the state for other than county purposes. *Demoville* v. *Davidson County, supra* [87 Tenn., 214, 10 S. W., 353]; *State ex rel.* v. *Cummings,* 130 Tenn., 566, 172 S. W., 290, L. R. A., 1915D, 274. And it clearly follows that an appropriation of state revenues to a county affects the county as beneficiary in a proprietary and not a strictly governmental capacity." *Baker* v. *Hickman County,* 164 Tenn., 294, 311, 47 S. W. (2d), 1090, 1094.

 By the act in question, the fund given over to the counties as proprietor was taken from the control of Wayne county, contrary to the general law, and put

under control of the state department of highways and public works with authority to appoint for the county a county highway supervisor authorized to select the roads, highways, and bridges upon which it should be expended.

Looking to the words and context of the act, it may be seen that the county highway supervisor provided for in the act is a county officer. His term is fixed at two years, subject to removal by the state highway commissioner; it requires that he subscribe to an oath of office before the county court clerk; and authorized him to issue warrants upon the county trustee for work and materials on the county highways.

The act affects Wayne county in its governmental capacity, not by internal control of the county government, but by transference of control to the state commissioner of highways and public works, and goes beyond and deprives the county of control over county revenues contrary to the general law.

In creating the office of county road supervisor to be filled otherwise than by the county court or the people of the county, the act contravenes article 11, section 17, of the Constitution, and by withdrawing from the county the benefit conferred by the general law and in depriving it of all control over its gasoline tax revenue, the act violates article 11, section 8, of the Constitution.

It is true, as insisted upon by the defendants, that a county as a local governmental agency is subject to a very broad legislative supervision. This has afforded a large field for interference by special laws experimental in character, and without allowing time for a particular experiment to prove its worth. A county, as a *quasi* municipal corporation, and as proprietor of

its revenue, is entitled to exercise a degree of local autonomy. The local governments designed by our system cannot be destroyed by special laws. See *Hill* v. *Snodgrass*, 167 Tenn., 285, 68 S. W. (2d), 943; *Berry* v. *Hayes*, 160 Tenn., 577, 28 S. W. (2d), 50; *Nashville & K. R. Co.* v. *Wilson County*, 89 Tenn., 597, 604, 15 S. W., 446; and *Smiddy* v. *City of Memphis*, 140 Tenn., 97, 203 S. W., 512.

If the Legislature may select a county for such partial enactments as this, a Senator or Representative from a locality concurring could, by the exercise of the power that attends "legislative courtesy," intrude the appointees of some selected state bureau or agency upon any county government for the control of its road system, school system, or other system, and in effect destroy all semblance of local government.

The chancellor's decree holding the act void is affirmed.