WISEMAN *v.* SMITH, COMMISSIONER, *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed June 13, 1936.

Jos. HIGGINS and SETH WALKER, both of Nashville, for appellant L. L. Tolley.

LAWSON H. MYERS, of Fayetteville, for L. H. Wiseman.

EDWIN F. HUNT and W. C. COOK, Assistant Attorneys-General, for Briggs Smith.

MR. JUSTICE COOK delivered the opinion of the Court.

294

The bill was filed under the Declaratory Judgments Law (Code 1932, sec. 8835 *et seq.*) to obtain a declaration upon the constitutionality of section 1, chapter 6, Private Acts of 1935, and a purported amendment, chapter 99, Private Acts, Extra Session of 1935. The chancellor declared section 1 of chapter 6 and the act of the extra session void.

L. L. Tolley, county trustee, one of the several defendants, prayed, and was granted, an appeal. It is stated in the briefs that the subject of the act passed at the extra session was not embraced in the Governor's proclamation and that counsel for appellant concedes that act to be invalid.

Chapter 6, Private Acts of 1935, applicable to Moore county by reference to the federal census, which the chancellor declared discriminatory and void, provides:

"All funds received by such counties from the State of Tennessee for highway purposes, including especially that part of the automobile license fund which heretofore has been expended in said counties by the Department of Highways and Public Works and the proceeds of the two-cent gasoline tax for rural roads, as provided by Chapter 45, Public Acts of 1931, shall be paid over to the county trustee of such counties and by him divided into as many equal parts as there shall be road districts in said counties."

Subsequent sections of the act provide for the appointment of overseers for each of the eleven districts of the county and authorize the overseers to issue warrants upon the fund allocated to the districts for expenditures on district roads.

It is urged on behalf of appellant that the act regulates the internal affairs of Moore county and should be sus-

tained as a law affecting the county in its governmental capacity. While apparently designed to set up a new road system for the county, the act reaches beyond and destroys the uniformity of purpose expressed in the general Highway Act designed to provide a system of intersecting highways under supervision of the state highway department. The act creating the state highway department is embodied in the Code as chapter 9.

By section 3179 of the Code, all revenues arising from automobile registration fees are appropriated and set aside as highway funds, to be expended under the direction of the commissioner of highways for the construction and maintenance of public roads in the counties of the state. That provision expressly appropriating revenues derived from automobile registration fees is followed by the declaration that (Code, section 3184):

"All of the funds derived under this statute shall be used by said commissioner in the maintenance of said department and in carrying out the provisions of this statute relating to the construction and maintenance of said highways in the several counties of the state; provided, however, that the net funds realized from the taxes and privileges collected under the statutes shall be distributed among all the counties of this state in the following manner and proportions:

"Half of the net funds derived by virtue of the auto tax shall be distributed equally among all of the counties, the other half of said net funds shall be expended upon such state highways as may be designated by the said commissioner so as to secure as far as practicable the construction and maintenance of other main lines of state highways.

"The commissioner shall also have the right to designate the roads in the several counties in which the funds

to be distributed to the counties as herein provided shall be expended, the character of roads to be constructed and the manner in which the expenditure for construction or maintenance shall be made.''

Chapter 6, Private Acts of 1935, diverts all the automobile revenue distributable to the county from the control of the highway department to the control and direction of each of the eleven district road overseers provided for in section 2 of the act, contrary to the purpose expressed in the general law.

It may be seen by reference to the general law that the allocation of this revenue to the county is made subject to the condition that its expenditure shall be under the direction and control of the state highway department. That provision was designed to create a system of intersecting county and state highways. Doubtless it will not be questioned that the state may annex conditions to a grant of revenues to the counties. That the condition was annexed is apparent.

All the counties have an equal interest in the distribution and use of the automobile registration revenues and their application to the purposes expressed in the general law that assembles and distributes them. They cannot be diverted from that use by a discriminatory local act. Such discriminatory legislation cannot be sustained on behalf of a county any more than on behalf of an individual. Cases particularly in point are *State* v. *Burnett,* 6 Heisk., 186, 189; *Berry* v. *Hayes,* 160 Tenn., 577, 578, 28 S. W. (2d), 50; *Hill* v. *Snodgrass,* 167 Tenn., 285, 68 S. W. (2d), 943.

We find no error in the decree of the chancellor declaring section 1 of chapter 6, Private Acts of 1935, discriminatory and void.

Affirmed.