Burk *v.* The State.

SAM'L BURK *v.* THE STATE.

CORPORATIONS. *Municipal. Repeal of charter.* Athens was incorporated originally by the county court under general law, under which it organized. Later, a special charter was granted by the Legislature, which it accepted and under which it organized. Afterwards this charter was repealed by the Legislature. *Held,* that Athens was no longer an incorporated town. The doctrine that the repeal of a repealing statute revives the original act does not apply to special acts like a charter of incorporation.

FROM M'MINN.

Appeal in error from the Circuit Court of McMinn county.    D. C. TREWHITT, J.

W. L. Harbison for Burk.

Attorney-General Lea for the State.

McFarland, J., delivered the opinion of the court.

This was a presentment for selling intoxicating beverages within four miles of an incorporated institution of learning. The selling was admitted. The defense was, that it occurred in the town of Athens, and that said town was incorporated. The statute making it unlawful to sell intoxicating beverages within four miles of an incorporated institution of learning, makes an exception as to sales made within the limits of an incorporated town or city. The question was, whether the town of Athens was incorporated at the date of the sale. The agreed facts show that the town was organized into a corporation in 1860, under the general provisions of the Code, sec. 1349 *et seq.*, and extended in 1867, and the organization kept up until 1870, when the act of the 25th of February, 1870, was passed, incorporating the town without reference to the existence of any previous charter. The corporation was thereupon organized under said last named act, and the organization kept up until the act of the 31st of March, 1879, which repealed the act of the 25th of February, 1870. Since the 1st of January, 1880, there has been no organization. The sale occurred since that date.

The point very ingeniously made is, that although the act of 1879 repealed the charter of 1870, it did not repeal the charter previously existing under the

general statutes, and as extended by the act of 1867. That a municipal corporation is not dissolved by mere non-user, and therefore, in contemplation of law, the corporation still exists.

The charter of 1870 was inconsistent with the former organization, inasmuch as the town could not at the same time claim the benefit of two acts of incorporation entirely distinct and containing different powers. When, therefore, the charter of 1870 was accepted by an organization thereunder, the former corporation ceased to exist, and when the act of 1870 was repealed the former incorporation was not revived. The doctrine that the repeal of a repealing statute revives the original act does not apply to special acts like a charter of incorporation. And besides it was, in any event, the purpose of the Legislature, in excepting from the general provisions of the act against the sale of liquors within four miles of an institution of learning, only to except sales within the limits of a town or city actually organized as a corporation. The existence of a charter not accepted or acted upon in fact, would not meet the purpose or object of the exception.

There is no error, and the judgment is affirmed.