## LEWIS *v.* NASHVILLE.

*(Nashville.* January 18, 1899.)

COSTS. *Disallowed, when.*

No fees for service of subpœnas for witnesses will be allowed, either against the city or opposite party, in favor of a salaried policeman and law officer of the city, who has been appointed deputy sheriff with authority to summon witnesses only on behalf of the city in its litigation.

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. J. W. BONNER, J.

PRICE & McCONNICO for city and McConnell.

J. C. McREYNOLDS for Lewis.

WILKES, J. This is a motion to retax cost. It appears that McConnell holds the position of law officer of the city of Nashville. His duties are to investigate the facts and ascertain the circumstances and hunt up witnesses in all cases in court where the city is a party. He receives from the city a regular monthly salary. It has been the custom of McConnell and his predecessor to collect fees for

subpœnaing witnesses for the city when it gains and costs are charged to the opposing party, but not from the city when it loses a case. This is not the result of any contract or understanding to that effect, but he has not made demand of the city for fees in such cases. He is a member of the metropolitan police force. He is regularly commissioned by the Sheriff of Davidson County as a special deputy for the purpose of executing process issued from all Courts of record in Davidson County where the city is a party and the process issues on behalf of the city, but not otherwise. The motion in this case by Lewis is to disallow any fees for subpœnaing witnesses for the city, inasmuch as the costs are taxed to the defendant, Lewis. It is insisted by McConnell that he does this service for the city, not under its authority, but under the power conferred by the Sheriff, and hence is entitled to his fees as any other deputy would be.

We think it is clear that he may be deputized, and thereby authorized to execute process for the city under the power conferred by the Sheriff. We think it equally clear that for such services he cannot charge the city, as the city pays him a regular salary for his services whatever they may be. If he cannot charge the city when the costs are adjudged against it, we are of opinion he cannot charge the opposing party when the costs are adjudged in favor of the city and against the opposing party. If his fees are not taxable when the

city loses, they are not taxable to the party litigating with the city when such party loses. He may, however, execute the process and the service will be good.

This, we think, is the law of the case, and we think also it is consonant with the soundest public policy not to allow a party whose business it is to look after lawsuits to subpœna witnesses in such suits and receive compensation therefor. Such a practice might lead to oppression and needless litigation in order to secure fees. While no such charge or allegation is made in this case, and there is no proof of such practice, this must be its tendency.

We are of opinion, therefore, that while the law officer may execute process under the Sheriff's deputation for the city, he can make no charge therefor, but must look to his salary as his compensation for such services as well as for other services.

We are of opinion the action of the Circuit Judge in eliminating and cutting out these fees was correct, and his judgment is affirmed with costs.