THE STATE, *ex rel.* LITTLE, V. SLAGLE.

*(Knoxville.* September Term, 1905.)

1. **OFFICER.** A deputy sheriff is an officer.

A general deputy of a sheriff, as distinguished from a special deputy assigned to a particular case or transaction, is an officer within the meaning of the constitution and statutes of this State.

Constitution cited and construed: Art. 2, sec. 26.

Code cited and construed: Secs. 445, 448, 1073, 1079, 1080, 1081 (S.).

Cases cited and approved: Reves v. State, 11 Lea, 124; State, ex rel., v. Bus (Mo.), 36 S. W., 639, 33 L. R. A., 616.

2. **SAME.** The office of deputy sheriff is a lucrative one.

The office of deputy sheriff, whether entitled to compensation fixed by contract between the sheriff and the deputy, or entitled to the fees allowed by law, is a lucrative office, within the constitutional provision declaring that no person shall hold more than one lucrative office at the same time.

Constitution cited and construed: Art. 2, sec. 26.

3. **SAME.** Acceptance by, of another office, vacates one then held. Case in judgment.

It is well settled that an officer's acceptance of another office incompatible with one then held by him, is, *ipso facto*, a vacation of the office first held, without judicial proceedings of any kind; therefore, where a constable accepts an appointment to the office of deputy sheriff, the office of constable becomes, *ipso facto*, vacant, and the county court may summarily declare the office of constable vacant, and make an appointment to fill the vacancy.

Constitution cited and construed: Art. 2, sec. 26.

Cases cited and approved: State, ex rel., v. Grace, 113 Tenn., 9; Calloway v. Sturm, 1 Heisk., 764.

State, ex rel., v. Slagle.

FROM KNOX.

Appeal from Chancery Court of Knox County.— JOSEPH W. SNEED, Chancellor.

E. F. MYNATT and J. C. FORD, for Little.

JOHN W. GREEN, for Slagle.

MR. JUSTICE NEIL delivered the opinion of the Court.

The facts out of which the present controversy arose are as follows:

At the August election, 1904, Daniel W. Little was elected one of the constables for the Fourth district of Knox county, and duly qualified and entered upon his duties as such. In December, 1904, the sheriff of Knox county appointed Mr. Little one of his regular deputies, to serve process in the portion of the county in which the latter resided, being a section of the county remote from Knoxville. Mr. Little accepted the appointment and entered upon the discharge of the duties assigned him. Thereupon, at the January term, 1905, the county court of Knox county, without citation or notice to Mr. Little and without a trial summarily declared the office of constable, to which Mr. Little had been elected, vacant, and

115 Tenn.—22

appointed the present defendant, William Slagle, to fill
the vacancy.   Mr. Slagle accepted the appointment and
entered upon the discharge of its duties at once.   There-
upon the present bill was filed, in the nature of a proceed-
ing in *quo wararnto*, to test the right of Mr. Slagle to
hold the office.   The chancellor dismissed the bill on de-
murrer.

The first question to be determined is whether the
same person can hold the office of constable and that of
deputy sheriff at the same time without violating article
2, section 26, of the constitution of 1870, which declares
that no person in this State shall hold "more than one
lucrative office at the same time."

Is a deputy sheriff an officer, in the legal sense of that
term? and, if so, is the office he holds a lucrative one in
the constitutional sense?

Under our statutes (Shannon's Code, section 448) the
sheriff of a county may appoint as many regular and
special deputies as he may see proper.   It is to be de-
duced from the section of the Code referred to and from
our decisions upon the subject that the sheriff may ap-
point his deputies for such length of time, within his own
term, as he may desire, and the compensation for his
services may be arranged by contract between the sheriff
and his deputy; that process does not run to the deputy,
but to the sheriff, yet the deputy may execute any pro-
cess so directed that comes to his hands, and he has all
of the powers of the sheriff himself in respect thereof, yet
if he be guilty of any default, the recourse of the injured

party is not upon him, but upon the sheriff, and the latter may look to the deputy for reimbursement. *Glasgow's Lessee* v. *Smith,* 1 Tenn., 144, 152-155; *Rose* v. *Lane,* 3 Humph., 218-220; *Vance* v. *Campbell,* 8 Humph., 527; *Robertson* v. *Lessan,* 7 Cold., 160; *Reves* v. *State,* 11 Lea, 124. In the first of these cases it was said, *arguendo,* that the deputy was not an officer; in the last, it was held that he was an officer, in the sense of Code 1858, section 4750 (Shannon's Code, section 6634), which allowed $50 to every officer prosecuting to conviction a certain class of offenders. In *Robertson* v. *Glenn,* 3 Baxt., 164, the right of a constable to accept a special deputation from the sheriff and to act thereunder was recognized; and in *Lewis* v. *Nashville,* 101 Tenn., 659, 49 S. W., 749, the right of a regular policeman of a city to hold the position of deputy sheriff was recognized, but in that case he has denied the right to compensation or fees as deputy sheriff, on special grounds appearing therein that do not affect the general question. In the constitution (article 10, section 1) it is provided that "every person who is chosen or appointed to any office or trust or profit shall, before entering upon the duties thereof, take an oath to support the constitution of this State and of the United States, and an oath of office." Sections 1073 and 1081 and 445 of Shannon's Code set out the contents of the oath of office referred to in the constitution. Section 1079 reads: "Whenever any officer is authorized or required to appoint a deputy, such deputy, before he proceeds to act, shall take the constitu-

tional oaths and oath of office, which shall be accompan-
ied by the same certificate, filed in the same office, and
with the same indorsement, as the oaths of his principal;
but the provisions of this section do not apply to any
deputy who may be employed in particular cases only."
Section 1080 reads: "If any officer or deputy required
by law to take and file such oaths, enter upon the duties
of his office without first taking and filing the same as
presented, he is guilty of a misdemeanor."

Notwithstanding the peculiarities of a deputyship un-
der the high sheriff of a county, we think it quite clear
from the last two sections of the Code which we have
quoted, as well as from the case of *Reves* v. *State,* supra,
that a general deputy, as distinguished from a special
deputy assigned to a special case or transaction, is an
officer in the sense of the law. Although he is appointed
by the high sheriff, and holds to him the peculiar rela-
tions already mentioned, yet his rights and powers are
derived from the law, and his duties are those of an of-
ficer of the law. It was so held in *State, ex rel.,* v. *Bus*
(Mo.), 36 S. W., 639, 33 L. R. A., 616.

Is the office of deputy sheriff a lucrative one? A lu-
crative office is one whose pay is affixed to the perform-
ance of its duties (*State* v. *Kirk,* 44 Ind., 401, 15 Am.
Rep., 239); and, when the duties of the office are fixed
by statute, it is immaterial that the compensation of the
officer is fixed by some other board or officer (*Chambers*
v. *State* [Ind. Sup.], 26 N. E., 893, 11 L. R. A., 613).
In the case of a deputy sheriff in this State, if there be

no contract between him and the high sheriff as to compensation, he is entitled to the same fees that the high sheriff himself receives for the same kind of service; if there be a contract between the two as to compensation, then for such compensation as the contract may fix; but in either event the office is equally a lucrative one within the intent and meaning of the constitution.

Was it necessary that Mr. Little should have been cited before the county court, after he had accepted the office of deputy sheriff, before his office of constable could be legally declared vacant and a successor appointed?

The rule at common law is that, where one accepts a second office incompatible with one already held by him, the office first held is thereby *ipso facto* terminated without judicial proceedings of any kind (*State* v. *Grace,* 113 Tenn., 9, 18, 82 S. W., 485; *State, ex rel.,* v. *Bus,* supra, and authorities cited) ; and the same rule obtains where the incompatibility arises from an inhibitory provision in a constitution against holding two offices (Id.). And see *Calloway* v. *Sturm,* 1 Heisk., 765; also, *Foltz* v. *Kerlin,* 105 Ind., 224, 4 N. E., 439, 5 N. E., 672, 55 Am. Rep., 197; *Kerr* v. *Jones,* 19 Ind., 351; *State* v. *Brinkerhoff,* 66 Tex., 45, 17 S. W., 109; cases cited in note to *Attorney-General* v. *Marston* (N. H.), 13 L. R. A., 670.

Of course, we are not dealing here with such rights as third persons may have acquired under such acts as Mr. Little may have performed as constable *de facto* after his acceptance of the office of deputy sheriff. *Oliver* v. *Jer-*

State, ex rel., v. Slagle.

*sey City* (N. J. Err. & App.), 44 Atl., 709, 48 L. R. A., 412, 76 Am. St. Rep., 228.

There was no error in the action of the court below in sustaining the demurrer to the bill, and the decree is affirmed, with costs.