ROY C. WALLACE *v.* M. F. GRUBB *et al.**

(*Knoxville.*   September Term, 1926.)

Opinion filed, November 20, 1926.

1. CONSTITUTIONAL LAW. Art. 2, sec. 10, construed. Director of public school board. Member of Legislature. Holding two offices.

Article 2, section 10 of the State Constitution providing that no member of the Legislature shall be eligible to office or place of trust during the time for which he was elected, does not make ineligible to office, even though that office was created by the Legislature of which he was a member, unless the appointment of such office "is vested in the Executive or the General Assembly." There is no ineligibility to an office when it is to be filled by the people or by representatives of the people other than the Executive or the General Assembly. (Post, p. 658.)

Citing Act of 1907, chapter 10, Charter of Loudon; Private Acts 1925, ch. 300; 29 Cyc., 138.

2. OFFICE. Officer. Two places.

When the occupancy of one place is incompatible with the occupancy of another, the place held under first appointment is vacated. (Post, p. 660.)

Citing: State ex rel. v. Slagle, 115 Tenn., 336; State ex rel. v. Grace, 113 Tenn., 9; Calloway v. Sturm, 48 Tenn. (1 Heisk.), 765.

*Headnotes 1.   Officers, 29 Cyc., p. 1381; Schools and School Districts, 35 Cyc., p. 882; 2. Schools and School Districts, 35 Cyc., p. 882.

FROM LOUDON.

Appeal from Chancery Court of Loudon County.— HON. J. H. WALLACE, Chancellor.

SMITH & CARLOCK, for plaintiff.

FRANTZ, McCONNELL & SEYMOUR, and W. B. GREEN, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit involves the right of complainant Wallace to serve as a member of the school board of the town of Loudon. The Chancellor decreed in favor of Wallace. There was an appeal from this decree. Also a petition for the writs of *certiorari* and *supersedeas* was presented to a member of the court and the writs awarded. Subsequently the writ of *certiorari* was discharged, but the writ of *supersedeas* allowed to stand pending the disposition of the appeal. *Certiorari* was regarded as unnecessary, the case having reached this court on the appeal.

By the charter of Loudon, embodied in chapter 10 of the Acts of 1907, it was provided that three school directors should be elected by the Board of Mayor & Aldermen (called the council), every two years. In 1925 the complainant Wallace, Campbell and Hickman were such school directors, having been duly elected by the Board of Mayor & Aldermen of said town.

In the November election, 1924, the complainant Wallace was elected to the State Senate, representing the district which includes Loudon county, and the said Wallace duly qualified as such Senator in January, 1925, and became a member of the Sixty-fourth General Assembly. He continued to hold the office of school director for the town of Loudon, in which course there seemed no impro-

priety, as the latter was not a lucrative office under section 26 of article 2 of the Constitution.

By chapter 300 of the Private Acts of 1925, the charter Act of the town of Loudon, chapter 10 of the Acts of 1907, was amended so as to provide for the election of the school directors by vote of the people of said town. It was enacted that on the Thursday after the first Monday in December as provided in section 6 of chapter 10 of the Acts of 1907, when the Mayor & Aldermen of the town of Loudon were elected, that the election Commissioners should provide for the election of a school board. Under chapter 10 of the Acts of 1907, Mayor & Aldermen were elected bi-ennially. The Act of 1925 continued:

"Sec. 3. Be it further enacted, that the following shall be and are hereby constituted the first city school board under this Act, to-wit: Roy C. Wallace, J. P. Campbell, and T. J. Hickman, and they shall, hold in the order named as follows:

"The first named to hold until the first regular city election after the passage of this Act or until his successor is elected and qualified, the second to hold until the second biennial city election, after the passage of this Act and the third to hold until the third biennial city election, after the passage of this Act or until their successors are elected and qualified. And in the event of a vacancy on said board of education the Mayor shall appoint a member or members without confirmation of the city council to serve until the next regular election when all vacancies shall be filled by election."

It will be observed that the old school directors were continued in office under the Act of 1925—Wallace, Campbell and Hickman.

154 Tenn.—42.

On August 10, 1925, Wallace resigned his place as school director and Mrs. Breazeale was appointed by the Mayor in his stead. On August 14, 1925, Hickman resigned his place as school director and Wallace was appointed by the Mayor in Hickman's stead.

On December 10, 1925, an election for Mayor & Aldermen and for School Directors was held in the town of Loudon. Mrs. Hall and Lewis were elected to the places as school directors, which Mrs. Breazeale and Wallace held under appointment of the Mayor. Campbell, under the Act of 1925, held office as school director until the 1927 election. On the day after the 1925 election, Campbell resigned his place as school director and Wallace was appointed by the Mayor in Campbell's stead. It is the right of Wallace to hold under this last appointment, which is contested.

While the circumstances are unusual, we see no legal obstacle to the title of Wallace to said office.

The complainants rely on the last paragraph of section 10 of article 2 of the Constitution as follows:

"No Senator or Representative shall during the time for which he was elected, be eligible to any office or place of trust, the appointment to which is vested in the Executive or the General Assembly, except to the office of Trustee of a literary institution."

Obviously the case before us does not fall within the letter of this constitutional restraint. Wallace did not receive his appointment as school director either from the Executive or from the General Assembly, and it has been said that constitutional and statutory provisions such as this should be narrowly construed so as to up-

hold the eligibility of the appointee whereever possible. 29 Cyc., 138.

It is earnestly argued that the legislature cannot accomplish indirectly what it may not do directly. No such effort, however, is here presented. This is not a case in which a member of the General Assembly has been put in office by any commission or authority chosen by that body. Wallace holds his appointment as School Director under the Mayor of the town of Loudon, and that official was elected by the people of the town of Loudon. Such an appointment is not within the spirit of the prohibition contained in section 10 of article 2 of the constitution. This section of the Tennessee Constitution differs materially from sections of the Constitutions of other States discussed in decisions relied on by the defendants. Our Constitution does not make a member of the General Assembly ineligible to another office, even though that office was created by the Legislature of which he was a member, unless appointment to such office "is vested in the Executive or the General Assembly." There is no ineligibility to an office when it is to be filled by the people or by representatives of the people other than the Executive or the General Assembly.

It is also insisted that the last appointment of Wallace was unlawful because it is said that although his successor to the other place on the school board which Wallace held under the appointment of August 14, 1925, had been elected December 10, 1925, such successor had not qualified and Wallace still held over under the first appointment when he received the second. It is contended that the effect of the second appointment was to give Wallace two places on the School Board.

The result stated did not follow. The Act of 1910 and the Act of 1925 both provided for three School Directors. This necessarily meant three individuals. One person could not hold two places. The occupancy of one place was incompatible with the occupancy of the other. So when Wallace accepted the second appointment, as a necessary consequence, the place he held under the first appointment was vacated. This is too well settled under our authorities to require discussion. *State ex rel.* v. *Slagle,* 115 Tenn., 336; *State ex rel.* v. *Grace,* 113 Tenn., 9; *Calloway* v. *Sturm,* 48 Tenn. (1 Heisk.), 765.

The decree of the Chancellor will be affirmed. The *supersedeas* will be discharged. Tax costs to defendants.