PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. CLEMENTE RAMÍREZ, Defendant and Appellant.

No. 4260.—Argued December 16, 1930.—Decided January 21, 1931.

*José Veray Jr.,* for appellant. *R. A. Gómez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant was charged with entering the house of María Lassalle with the intention of committing rape on the person of said María Lassalle. On objection to the sufficiency of the information we may say that while it is not sufficient to allege an intent "to commit a felony," when the particular felony is described no further details are necessary. *People* v. *Goldsworthy,* 130 Cal. 600, 62 Pac. 1074; *People* v. *Burns,* 63 Cal. 614; *State* v. *Gay,* 25 La. Ann. 472; *Commonwealth* v. *Doherty,* 10 Cush. 52; *State* v. *Staton,* 133 N. C. 642, 45 S. E. 362; *State* v. *Celestine,* 138 La. 407. In the crime of burglary as charged the entry is the main element, and the defendant has sufficient notice if he is ap-

prised in general terms of his supposed intent to commit the particular crime described.

From the evidence in this case a jury in Aguadilla had a right to believe that the defendant Clemente Ramírez entered the house of María Lassalle where she was living with her two sons Antonio and León Pérez; that the house was closed; that the defendant not only opened a door in the kitchen but penetrated to the room of María Lassalle, laid his hand on one of her breasts and when she struck a light from a box of matches he took hold of one of her arms (*molleros*); that she arose; that she recognized the defendant at the time and called upon her children who likewise saw the defendant. Thereupon he hastily left the house by the kitchen door wherein he had entered.

The second assignment of error relates to the refusal of the court to eliminate the testimony of Manuel Hernández. The theory of this admission was that his statements, although hearsay, formed part of the *res gestae*. On the forenoon of the day following the supposed burglary, María Lassalle saw Manuel Hernández passing her house and called out to him, as she and one of her children testified, that she wanted him to be a witness in the case. As such witness on the stand he repeated what she had told him as to the alleged entry. There was no evidence of any earlier opportunity on the part of María Lassalle to make an outcry to anyone but her own children. Her outcry was sufficiently closely connected to the main event as to justify its admission in accordance with the principles outlined in various cases of this court. *People* v. *Anglada*, 20 P.R.R. 11; *People* v. *Arenas*, 39 P.R.R. 14; *People* v. *Blanco*, 40 P.R.R. 122.

The third assignment of error is as follows: "The District Court committed error in accepting the verdict of the jury, as this was contrary to the evidence." Perhaps this assignment is a little general to cover the principal doubt

that we have had in this case, namely, whether the intention to commit rape was sufficiently proved. Some courts, although perhaps the facts were a little less strong, have reversed cases where they were satisfied that the intention to commit the rape was not really proved. *Hays* v. *State,* 217 S. W. 938; *Hooks* v. *State,* 289 S. W. 530; *Mitchell* v. *State,* 24 S. W. 280. On the other hand, where evidence and circumstances exist to justify the charge of an intention to commit rape the determination of the intention should be left to the jury. *People* v. *Kuches,* 120 Cal. 566; *Harvey* v. *State,* 14 S. W. 645; 9 C. J. 1078 *et seq.*

The definition of rape, so far as it is germane to the facts of this case, is as follows:

"Sec. 255.—Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under any of the following circumstances:

"1.

"2.

"3.—Where she is prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution, etc.

"4.—Where she resists, but her resistance is overcome by force or violence.

"5.—Where she is at the time unconscious of the nature of the act, and this is known to the accused."

Clemente Ramírez entered the house of María Lassalle in the nighttime when she was presumably asleep. She awoke and showed strong resistance. Such resistance might have overcome a previously formed intention of the defendant. He laid his hand upon her breast and then upon her arm. The evidence tended to show that she was visited on occasions by a lover, a man from Mayagüez, but that she had no relations with any other man. The defense was an alibi, and no explanation was offered for his presence in the house. The court gave careful instructions to the jury about the necessity of proving an intent. We feel unable to say

that the jury did not have a right to infer that the intention of the defendant was to commit rape; in other words, that he had such an intention on entering the house and was frustrated. There was nothing as in some of the other cases to show the slightest previous relation or encouragement on the part of María Lassalle.

A fourth assignment of error relates to the refusal of the court to read the previous declaration made to the prosecuting attorney by María Lassalle when this officer was investigating the facts of the alleged crime. On the witness stand María Lassalle was never asked whether she made any inconsistent statement with her testimony at the trial. In no way was a basis laid for the supposed contradiction, even if the attorney was bound to produce his written copy of the statement made by the witness.

The judgment appealed from will be affirmed.