W. Y. Boswell, Complainant, Appellant, v. Charlie Powell, Defendant, Appellee.[*]

(*Knoxville*, September Term, 1931.)

Opinion filed December 5, 1931.

---

[*]As to incompatibility of offices, see annotation in L. R. A., 1917A, 211, 231; 26 A. L. R., 143; 22 R. C. L., 412, 415; R. C. L., Perm. Supp., p. 5212.

W. Y. BOSWELL and DAVIS & DAVIS, for complainant, appellant.

D. O. HARRIS, for defendant, appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The complainant was elected as a member of the county board of education, for a term of seven years, by the county court of Morgan County in 1927. In 1930 he was

elected a member of the General Assembly of Tennessee. Upon his qualification to the latter position, the county court of Morgan County assumed that he vacated his place on the board of education and proceeded to elect defendant to fill that vacancy. The bill herein was filed by complainant asserting his right to hold both offices and seeking to enjoin defendant from claiming the place on the board of education and from interfering with the complainant in the exercise of the duties of that office. The chancellor dismissed the bill and complainant has appealed.

The principal discussion in the briefs has been upon the nature of the office of a member of a county board of education—whether it is a lucrative office. Section 26 of Article II of the Constitution provides, among other things, "nor shall any person in this State hold more than one lucrative office at the same time."

Under authority of chapter 115 of the Acts of 1925, the county court of Morgan County has directed that members of the board of education of that county be paid $3 a day for the days that they are actually engaged about the duties incident to such membership.

It may be assumed that this is a lucrative office for the purposes of this case. We do not so decide, however, for it has been expressly held in *State ex rel. v. Jones,* 143 Tenn., 575, that, while this is an office of high trust, it is not an office of profit within the meaning of the ouster law.

The constitutional provision above quoted is against any person holding more than one lucrative office "in this State." That is, in the State government. It has not been supposed in this jurisdiction that a

municipal office was reached by the provision so as to render the tenure of such an office incompatible with the tenure of a State office. This court expressly held that a Nashville policeman might be commissioned as a deputy sheriff. *Lewis* v. *Nashville,* 101 Tenn., 659. And in *Wallace* v. *Grubb,* 154 Tenn., 655, there was said to be no impropriety in a member of the legislature holding the office of school director in the town of Loudon. There was apparently, however, no controversy over that proposition in this last case.

Perhaps the weight of authority is to the effect that constitutional provisions similar to ours apply to State officers and do not render a municipal officer ineligible to hold a State office. The decisions, while numerous, are not harmonious. An attempt to review the cases would be without profit. They are collected in Notes, L. R. A., 1917A, 231; 2 Anno. Cas., 380; 10 Anno. Cas., 697; Anno. Cas., 1915A, 525.

Although, as noted in *State ex rel.* v. *Jones, supra,* a county board of education is a part of the State's educational system, we think the members of such board are primarily local officers. They are primarily charged with the business administration of the county schools, primarily endowed with county or municipal functions. Acts of 1925, chapter 115, section 6, page 330, *et seq.* Such officers are not State officers any more than city policemen are and we do not think they are precluded by reason of membership on a county board of Education from holding a seat in the General Assembly of the State.

We are referred to *State ex rel.* v. *Slagle,* 115 Tenn., 336, in which it was held that tenure of the office of deputy

sheriff was incompatible with tenure of the office of constable. We think, however, that a sheriff and constable, while elected by the voters of the particular county, are both essentially State officers. The chief duties of both are to enforce the laws of the State. Both are constitutional officers. Article VII, Section 1, Article VI, Section 15.

An injunction will be granted at the instance of an incumbent of office to restrain a claimant for the office from interfering therewith until the latter has established his claim to the office. *State ex rel.* v. *Bratton,* 148 Tenn., 174; *Crenshaw* v. *Barbour,* 162 Tenn., 235.

For the reasons stated, we think the chancellor was in error in dismissing the bill herein. His decree will be reversed and an injunction granted as prayed and defendant taxed with the costs.