GALLIEN *v.* MILLER *et al.*

*(Nashville,* September Term, 1935.)

Opinion filed April 4, 1936.

R. R. HAGGARD, of Waynesboro, and Ross & Ross, of Savannah, for appellant.

C. L. BOYD and FRANK BOYD, both of Waynesboro, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This cause is before the court on the appeal of complainant, J. W. Gallien, from the decree of the chancellor dismissing his bill on demurrer. The purpose of the bill was to enjoin the members of the county board of election commissioners of Wayne county from holding an election to fill the office of county superintendent of public instruction of Wayne county, under chapter 831 of the Private Acts of 1935.

It appears from the bill that complainant was elected to the office of county superintendent of Wayne county, for the regular term of 2 years, by the quarterly coun-

ty court of that county, at its January term, 1935, prior to the passage of the above-mentioned act. It further appears that complainant has held said office for a period of 26 years, and possesses all the qualifications required by the general law of the state for applicants for the office of county superintendent of public instruction.

Chapter 831, Private Acts 1935, applies to Wayne county alone, by population standard. The act provides for the administration, management, and government of the public schools of said county by a county board of school commissioners and a county superintendent of public instruction, to be elected by a popular vote of the qualified voters of the county. Section 8 of the act prescribes the qualifications of the county superintendent, as follows:

"That said County Superintendent of Public Instruction shall be at least *twenty-five years of age* and shall have and hold at the time of his election a certificate required by law showing his qualification and eligibility to hold such office in all the other counties of this State as is now required by law, *and he shall have in addition actual teaching experience in teaching in some high school in Tennessee at least forty school months during the period of fifteen years next preceding his election as such County Superintendent of Public Instruction. . . .*" (Italics ours.)

Sections 2320a and 2357 of the Code set forth the qualifications necessary for the office of county superintendent. It is further provided by section 2357:

"A certificate based on examination, valid in any county for a period of four years shall be issued to the applicant for the position of county superintendent who has passed a satisfactory examination; . . . pro-

vided, that the applicant for such certificate shall not be under *twenty-four years of age* and shall have had at least two years credit from the University of Tennessee or a state teacher-training institution, . . . *and shall have had at least twenty-four months of successful experience as a teacher or supervisor in the public schools of* the state. . . ." (Italics ours.)

Article 11, section 8, of the Constitution of Tennessee, is as follows, omitting the last clause thereof, which is not material to this cause:

"The legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunities or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law."

Complainant avers in his bill that chapter 831, Private Acts 1935, is unconstitutional and void and in violation of the above-quoted section of the Constitution, for the reason that by section 8 of said act it is provided that the county superintendent of Wayne county shall have had at least 40 school months' experience as a teacher in some high school in Tennessee during the period of 15 years next preceding his election, and that the complainant, having held such office for 26 years, and not having had such teaching experience within the past 15 years, could not come within the provisions of said act, and therefore the general law providing for the qualification of county superintendent in Tennessee is suspended by this provision of said act, and grants to all persons hav-

ing such teaching experience the right to hold such office, and thus confers a benefit upon that class not conferred upon those holding the qualification prescribed by the general law.

The qualification necessary for an applicant for county superintendent of education being fixed by general law, another and different qualification could not validly be required of an applicant for such office by a legislative enactment localized to Wayne county. Chapter 831, section 8, Private Acts 1935, in effect, suspends a general law for the benefit of a particular county, and violates the rule against arbitrary selection for purposes of partial legislation. Section 8 of the act is violative of article 1, section 8, and article 11, section 8, of the Constitution. *Berry* v. *Hayes,* 160 Tenn., 577, 28 S. W. (2d), 50; *Harbert* v. *Mabry,* 166 Tenn., 290, 61 S. W. (2d), 652. The second and third assignments of error must be sustained.

Complainant further contends that said act is unconstitutional and void as colorable legislation to put him out of office. We do not think the act is open to this objection. *Caldwell* v. *Lyon,* 168 Tenn., 607, 80 S. W. (2d), 80, 100 A. L. R., 1152; *Holland* v. *Parker,* 159 Tenn., 306, 17 S. W. (2d), 926; *Haggard* v. *Gallien,* 157 Tenn., 269, 8 S. W. (2d), 364. Fundamental changes were made in the source of the authority of the members of the board and county superintendent.

It is provided in the act (section 15) that, if any section or part thereof shall be declared unconstitutional, such section shall be considered severable, and shall not affect the validity of the numerous other and different provisions of the act, but the same shall remain in full force and effect. We think that portion of section

8 of the act imposing qualifications on an applicant for county superintendent in Wayne county not imposed by the general law is severable from the balance of the act, and the invalidity of such portions will not affect the rest of the act.

The decree of the chancellor must be reversed. The costs of the cause will be equally divided between the complainant and the defendants.