PHILLIPS *et al. v.* WEST *et al.*

(*Knoxville*, September Term, 1947.)

(May Session, 1948.)

Opinion filed July 17, 1948.

WILLIAM YORK, of Huntsville, for appellants.

ANDERSON & ANDERSON, of Knoxville, for appellees.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The principal question involved here is whether Chapter 773 of the Private Acts of 1947 is constitutional. This act is applicable only to Scott County.

It purports to create a County Board of Education for that county, and provides that "the present County Board of Education" shall be members thereof until their successors are elected and qualified after the August 1948 election. The bill is filed by the complainants as members of the Scott County Board of Education as well as in their capacity as tax-payers. It seeks an adjudication as to the validity of the act and a construction of certain sections thereof, if it be declared valid, to the end that complainants may be certain as to their authority and duties. The Attorney General of the State and various county officials are made defendants. Other than the Attorney General, who disclaims any interest, the

only official who pleads to the bill is John Lee West, Superintendent of Scott County Schools. He demurs.

The demurrer of West challenges the authority of these complainants as members of the Scott County Board of Education to maintain this bill. This insistence is grounded upon the fact that at the time of the enactment of Chapter 773 complainants were holding office as members of the Scott County Board of Education under Chapter 157, Private Acts of 1923. West asserts that the section of the 1923 act creating the Scott County Board of Education is unconstitutional; that, therefore, these complainants were not members of the Scott County Board of Education at the time of the enactment of Chapter 773; and, as a consequence, not members under the 1947 act.

If that section of the 1923 act which creates the Scott County Board of Education is unconstitutional, then those persons holding office as members of that Board under said section are *de facto* members until the act, or, at least, that section, is judicially declared invalid. *Heard v. Elliott*, 116 Tenn. 150, 154, 155, 92 S. W. 764. If the section in question is a valid enactment, then those holding thereunder are *de jure* members. The result is that at the time of the enactment of Chapter 773, Private Acts of 1947, the complainants were ''the present'' members, either *de jure* or *de facto*, of the Scott County Board of Education. Since the 1947 act provides that ''the members of the present County Board of Education'' shall be members of the Board created by the 1947 act, it follows that the complainants are, in so far as the 1947 act is concerned, members of the Board.

Code section 8836 specifically provides that any person ''affected by a statute . . . may have determined

any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder.'' Since these complainants are appointed members of the Scott County Board of Education by the 1947 act, it follows that they clearly come within the provisions of that code section, and, as such members, are authorized to maintain this bill for the purpose of ascertaining the constitutionality of that act, to the end that they may be informed as to their authority. *Buena Vista Special School Dist.* v. *Board of Election Com'rs*, 173 Tenn. 198, 201, 116 S. W. (2d) 1008.

The Chancellor, in response to the contrary insistence made by the demurrer, sustained the validity of Chapter 773, except that portion of Section 3 which provided that no teachers, assistants, bus drivers, etc., may be elected by the Board of Education other than those recommended by the County School Superintendent. He was of the opinion that this invalid provision could be elided and the act thereby saved. Complainants appealed from the decree so holding.

The Chancellor likewise held valid Chapter 157, Private Acts of 1923, including that section which Superintendent West had attacked as unconstitutional. He appealed from the decree upholding that section of the 1923 act.

By reason of our holding hereinabove with reference to the right of complainants to maintain this suit, it becomes unnecessary to consider in this case the constitutionality of any section of the 1923 act, or as to whether an attack thereon can be made in the manner sought in this case by West. A Court determines the constitutionality of a legislative enactment only when upon proper

presentation it is necessary to a decision of a material issue under consideration. *Beck* v. *Puckett*, 2 Shan. 490. This question will not, therefore, be further considered. The assignments of error directed thereto are overruled.

This brings us to consideration of the insistences of complainants to the effect that Chapter 773, Private Acts of 1947 is unconstitutional in its entirety.

Chapter 773, Private Acts of 1947, purports to create the Scott County Board of Education. It specifies the required qualifications of its members, provides for their election, terms of office and compensation, and enumerates certain duties of the Board. Then Section 6 provides that Chapter 157, Private Acts of 1923 ''and all other laws and parts of laws in conflict with the provisions of this Act be, and they are, hereby *repealed*.'' (Our emphasis.) In the caption of the act it is recited that the purpose of the act, among other purposes, is ''to *amend* Chapter 157, Private Acts of 1923, the caption of which is as follows.'' (Our emphasis.) Although Chapter 157 was amended by Chapter 257, Private Acts of 1943, the 1947 act takes no notice thereof; nor do the parties to this suit. The 1947 act is to become immediately effective.

 Section 2 of the 1947 act provides that members of the Scott County Board of Education ''shall have a high school diploma or its equivalent,'' and in this respect differs from the general law carried in Code section 2318, wherein it is required that the members of the County Boards of Education of the counties of this State shall ''have a practical education.'' It is quite clear that a person may have ''a practical education'' without having ''a high school diploma or its equivalent.'' A member of a County Board of Education is a county officer. *State ex rel.* v. *Groce*, 152 Tenn. 566, 570, 280 S. W. 27.

Therefore,.the qualification necessary for an applicant for this county office in Scott County is different from and beyond the qualification necessary for the same county office fixed by general law for such officers in all other counties. Applicable here is the holding of this Court in the case of *Gallien* v. *Miller*, 170 Tenn. 93, 92 S. W. (2d) 403. In that case the qualifications necessary for the county office of County Superintendent of Education in Wayne County was by a private act made different from and inconsistent with that required for the same office in all other counties of the State. The private act was held to be in violation of Section 8 of Articles I and XI, respectively, of our Constitution with this statement, 170 Tenn. at page 97, 92 S. W. (2d) at page 404: ''The qualification necessary for an applicant for county superintendent of education being fixed by general law, another and different qualification could not validly be required of an applicant for such office by a legislative enactment localized to Wayne county.'' For the same reason as that stated in the quotation just made, and upon the authority of that case, we must hold that this provision in Chapter 773 is unconstitutional.

▋ Section 3 of Chapter 773 contains this provision: ''No principal, supervisors, teacher, attendance office, clerical assistant, bus driver, and other authorized employee shall be elected by the County Board of Education who has not been recommended by the County Superintendent.'' Under the general law, Code section 2325, the recommendation of the County Superintendent of Education is not made a prerequisite to the election of these officers and employees by the Board of Education in other counties of the State. Chapter 773 thus goes beyond and contravenes that general law. The Chancellor was cor-

rect, therefore, in holding that this provision of Chapter 773 "gives to the County Superintendent of Scott County, powers and privileges not enjoyed by County Superintendents in other counties, and is, therefore, unconstitutional and void", it being in violation of Section 8 of Articles I and XI, respectively, of the Constitution. The Chancellor might have added that it withholds from the Scott County Board of Education privileges and powers given by general law to all other such boards in the State. No reason appears for this discrimination. It does appear to be arbitrary class legislation and is unconstitutional.

■ Unless it can "be said that the Legislature would have passed Chapter 773 with the invalid sections referred to omitted, it cannot be saved by an application of the doctrine of elision." *Spring Hill Cemetery* v. *Lindsey*, 162 Tenn. 420, 426, 37 S. W. (2d) 111.

■ A comparison of the provisions of Chapter 773, Private Acts of 1947 with the provisions of the general law applicable to all other County Board of Education, or a comparison of Chapter 773 with Chapter 157, Private Acts of 1923, being an act creating a Board of Education for Scott County, and stating its powers and duties demonstrates conclusively that one of the primary purposes of Chapter 773 is (1) to reduce in Scott County the number of persons who may qualify to be members of the County Board of Education and (2) to place under the control of the County School Superintendent of Scott County many of the important powers and duties theretofore placed under the control of the Board of Education by the general law, or by the Private Acts of 1923. The sections hereinabove adjudged unconstitutional are the sections by reason of

which it was intended to accomplish the primary purposes stated. Certainly, therefore, it cannot by the Courts be said that the Legislature would have passed the act with these invalid sections omitted. A fair presumption is to the contrary. So, these invalid sections cannot be elided. The result is that Chapter 773, Private Acts of 1947 is unconstitutional.

Much is said in support of the unconstitutionality of Chapter 773 by reason of the fact that the caption recites an intention to amend Chapter 157, Private Acts of 1923, whereas in the body of the act the 1923 act is repealed. In view of the fact that we have hereinabove adjudged Chapter 773 to be invalid it is unnecessary to consider the insistence just stated. It is also unnecessary to consider the effect, if any, of the fact that in section 1 of Chapter 773 it is provided that the members of the County Board of Education shall receive the compensation provided by the general law, whereas by section 5 it is provided that the chairman shall receive $200 per annum and the other members $100.

It is further insisted by the complainants upon their appeal here, as it was in the Court below upon pertinent pleadings, that the appellee John Lee West was County Superintendent of Schools of Scott County when in 1947 he was elected to and accepted the office of State Senator in the General Assembly. Based upon this fact, it is insisted that by the acceptance of the latter office he vacated his office as Superintendent of Schools of Scott County. We are asked to so hold on the theory that under section 26 of Article II of our Constitution no person in this State shall "hold more than one lucrative office at the same time."

The office of Superintendent of County Schools is a county office, while that of a State Senator is a State

office. The question stated is, therefore, foreclosed by the decision of this Court in *Boswell* v. *Powell*, 163 Tenn. 445, 43 S. W. (2d) 495, wherein it is held:

"The constitutional provision above quoted is against any person holding more than one lucrative office 'in this state.' That is, in the state government. It has not been supposed in this jurisdiction that a municipal office was reached by the provision so as to render the tenure of such an office incompatible with the tenure of a State office."

The insistence of appellants upon this is rejected on the authority of that case, and others which might be cited.

The decree of the Chancellor will be modified and affirmed as follows: (1) Overrule the demurrer of John Lee West. (2) Adjudge Chapter 773, Private Acts of 1947, unconstitutional. (3) Adjudge that John Lee West did not vacate his office as County Superintendent of Education of Scott County by acceptance of the office of a Senator in the General Assembly of Tennessee. (4) Adjudge one-half of the costs in all courts against original complainants, individually, and the sureties on their bond, and the remaining one-half of all costs against the original defendant, John Lee West, individually, and the sureties on his bond.

All concur.