STATE *ex rel.* ELLIS *et al. v.* ELLIS, SUPERINTENDENT OF
SCHOOLS, *et al.*

(*Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

DAGLEY & JOYCE, of Wartburg, for plaintiffs.

BAKER & BAKER, of Huntsville, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Complainants below sought an injunction against the defendant Ellis, Superintendent of Schools, and the School Board, to prohibit the defendants from paying any money to defendant Hobart Wright, or to enter into a contract with him to drive a school bus in Scott County, on account of the fact that he was a justice of the peace. Defendants filed a demurrer to the bill which was over-ruled by the Chancellor. The complainants rely on two Sections of the Code, as follows:

"No member of the county board of education or of the quarterly county court shall take or make, as the adverse party, any contract which his board is competent to make, nor shall he become the owner of a school warrant, except for his compensation as provided by this statute; provided, that nothing in this statute shall prevent any member of the quarterly county court from entering into a contract with said board to teach any of the schools coming under the provisions of this statute." Section 2330, Williams' Tennessee Code Annotated.

"It shall not be lawful for any officer, committeeman, director, or any other person whose duty it is to vote for, let out, overlook, or in any manner to superintend, any work or any contract in which any municipal cor-

poration, county, or the state, shall or may be interested, to be directly or indirectly interested in any such contract." Section 1874, Williams' Tennessee Code Annotated.

It is the contention of the defendants that the County Board of Education is a separate and distinct entity from that of the Quarterly County Court; that the County Court has no supervisory jurisdiction over the County Board of Education and for these reasons these statutes have no application. The defendants rely upon the case of *State ex rel. Boles* v. *Groce,* 152 Tenn. 566, 280 S. W. 27, 28.

In that case, the Court was interpreting Section 1874 of the Code of Tennessee. The Court said: "We are unable to see how a county can be injured or imposed upon, where the board of education employs a person to teach in its schools who is competent and otherwise qualified, simply because he happens to be a justice of the peace of the county."

It will be observed from a reading of the above Section 2330 that it is provided that nothing in the statute shall prevent any member of the quarterly county court from entering into a contract with the board of education to teach any of the schools coming under the provisions of this statute. Said Section 2330 is a part of the General School Law passed by the Legislature in 1925. Since Section 1874 does not prohibit such contracts as the one now before us, it was evidently the intention of the Legislature in incorporating in the 1925 School Law Section 2330 of the Code to make it illegal for a justice of the peace to make contracts with a school board except to teach school. To permit school boards to employ members of the quarterly county court who regularly vote to appropriate large sums of money for the opera-

tion of the school system in the several counties of the state, does not tend to promote the best interests of the county and we are of the opinion that with one exception, school boards are prohibited from contracting with a member or members of the quarterly county court. It results that we find no error in the decree of the Chancellor and it must be affirmed.

All concur.