STATE *ex rel.* JONES *et al. v.* TERRY.

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

J. H. MCCARTT, of Wartburg, and JOHN L. WEST and O. E. JEFFERS, both of Oneida, for complainants.

JOHN JENNINGS, JR., of Knoxville, and MAXWELL SEXTON, of Oneida, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an ouster suit, filed under Code Secs. 1877-1902, on relation of the State in the name of the Attorney General and a number of citizens, residents and taxpayers of Scott County, against Luther Terry. The purpose of the bill was to remove Luther Terry from the office of Justice of the Peace of the 4th Civil District of Scott County.

Holding that the charges made in the bill were sustained by the proof, the Chancellor entered a decree of ouster against the defendant, and he excepted, made motion for a new trial, and gave notice of appeal.

In the premise of the final decree, the recitation of the mode of hearing is as follows:

"This cause came on to be finally heard before the Honorable Joe M. Carden, Chancellor, on August 14th upon the original bill, as amended, of the relators and the answer, as amended, of the defendant, Luther Terry, the depositions on file, the exhibits thereto, the oral testimony of witnesses examined in open court, and the briefs of opposing counsel."

One of the conditions of the appeal was that the defendant make an appeal bond, which he did, and the other was that within 30 days from the date of the entry of the final decree, he "have signed and file a proper bill of exceptions." (Tr. p. 218.)

No bill of exceptions was ever prepared or filed, and the following statement in the reply brief is not controverted:

"There is no Bill of Exceptions preserving all the evidence introduced upon the trial of this cause and much of the evidence is not in this record but we respectfully submit that there is ample and sufficient evidence in this record to justify the Chancellor's findings and we respectfully submit that the Chancellor was thoroughly warranted from the evidence which is in this record in overruling defendant's motion for a new trial."

With the record in this plight, we are precluded from considering any assignments of error which are based on the evidence or its weight.

"A bill of exceptions was necessary to preserve the oral testimony and exhibits to such testimony as well as to bring up the stipulation of facts." *Rose* v. *Brown,* 176 Tenn. 429, 432, 143 S. W. (2d) 303, 304; *Byrd* v. *Wright,* 180 Tenn. 627, 633, 177 S. W. (2d) 820, 179 S. W. (2d) 452.

All of the assignments of error, which were grounds for the motion for a new trial, except the last, were based on the charge that the evidence was insufficient to sustain the decree. Since all the evidence heard by the Chancellor is not before us, these assignments are overruled.

The sixth and last assignment of error is that the Chancellor erred in finding that Section 2330 of the Code,

is constitutional, when he should have held that it is unconstitutional, as violating Art. I, Sec. 8, of the Constitution, and forbidding a Justice of the Peace from contracting with the School Board of the County, to transport children to and from school.

In a very recent case, *State ex rel. Ellis* v. *Ellis, Superintendent,* 191 Tenn. 376, 234 S. W. (2d) 817, this Court expressed strong approval of Code Sec. 2330, and defined its limitations. It does not, however, appear from the opinion in the Ellis case, that this Court considered the precise question raised by the present assignment of error, which is whether the section, by depriving a Justice of the Peace of his right of contract with the Board of Education, deprives him of rights guaranteed him under the law of the land. It is insisted that "the reasoning in the case of *Phillips* v. *West,* 187 Tenn. 57, 213 S. W. (2d) 3, supports the above contention," but we can find nothing in the case of *Phillips* v. *West,* which is in point in the present controversy.

██ ██ When Luther Terry ran for office as Justice of the Peace in Scott County, he ran for such office with all its rights, limitations, and conditions. One of those conditions was that, if elected to the office of Justice of the Peace, he should give up his right to make contracts with County Agencies as such contracts are forbidden by Code Sec. 2330. It is not insisted, nor could it be successfully, that Code Sec. 2330, which is part of the General Education Bill, Chapter 115, Public Acts of 1925, was passed after Luther Terry had been elected to office as Justice of the Peace. That conditions may be imposed, and the office of Justice of the Peace limited in its scope, and perquisites is sufficiently clear from the decision of

572

this Court in *Hancock* v. *Davidson County,* 171 Tenn. 420, 104 S. W. (2d) 824; and the many subsequent decisions of this Court in which that decision has been affirmed.

All assignments of error are overruled, and the decree is in all respects, affirmed.