P. N. ALGEE et al.

*v.*

STATE OF TENNESSEE, by CLARK P. Moss, D. A. ex rel.

C. B. MAKIN, et al.

(*Jackson,* April Term, 1956)

Opinion filed April 27, 1956.

John M. Drane and V. J. Johns, Jr., Newbern, for appellants.

Miles & Miles, Union City, Fred Robertson, Tiptonville, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

This suit is in the nature of a *quo warranto* proceeding to oust from membership on the Lake County Board of Education the appellants, defendants below, P. N. Algee, Prentice Wynn and Walter Delaney, citizens and residents of Lake County, Tennessee. The only question involved in the suit is the eligibilty of the defendants to hold the office of a member of the Lake County Board of Education. Such being the limit and purpose of the suit, the jurisdiction of the Chancery Court to hear and decide the cause in a proceeding in the nature of a *quo warranto* falls within the jurisdiction granted in the first subsection of Section 23-2801, T.C.A., which provides that this form of action lies,

"(1) Whenever any person unlawfully holds or exercises any public office or franchise within this state", etc.

This view is supported by many cases which are set forth in *State ex rel. Howell v. Sensing,* 188 Tenn. 684, 222 S.W.2d 13.

The sole ground for this action as is laid in the bill is that the defendants are unlawfully, illegally and without authority serving as members of said Board of Education in violation of Section 49-209, T.C.A. which provides among other things that:

"No member of the quarterly county court nor any other county official shall be eligible for election as a member of the county board of education."

By a stipulation the various Acts of the Legislature which are in point in this litigation are included herein as well as other stipulated facts. The various stipulations entered into between the parties and the answer of defendants is before us and a legal question alone is presented. Among the other stipulations is the stipulation that all defendants were members of the County Court and the defendant Wynn is also the Clerk and Master of the Chancery Court of Lake County. There are no other charges against these parties, that is, no charges of misfeasance or malfeasance in office or anything of that kind. The prayer is that a decree be entered ousting the defendants and enjoining them from serving on the Board of Education.

Among the other Acts of the Legislature which are involved herein, as shown by the stipulation, is a Private Act of 1929, Chapter 334 of that year. This Act, by agreement, applies to Lake County alone and makes Justices of the Peace of Lake County eligible for mem-

bership on the Board of Education. Under the suit as brought, as above set forth, the question of the constitutionality of this Act may be looked to by the Court if necessary without specifically pleading in the bill that the Act was unconstitutional.

The Chancellor based his decree on the fact that the Private Act of 1929, above referred to, allowing Justices of the Peace to be members of the Board of Education of Lake County had been repealed in the manner as hereinafter set out. In 1935 the Legislature passed another Private Act, chapter 37, in which it provided for the election of members of the Board of Education of Lake County by popular vote, and in this Act the usual clause that all other Acts in conflict therewith were repealed was included. It was the conclusion of the Chancellor that this repealed the 1929 Act directly or at least by implication. In 1937 the Legislature passed another Private Act, chapter 474, pertaining to Lake County in which the Private Act of 1935 was repealed. The Chancellor was of the opinion that where a local Act, as the 1929 Act was, had been repealed by another local or special Act and this latter Act had been subsequently repealed that the rule of revival did not apply to Private Acts when there was a general law on the Statutes governing the subject. He cited as his authority therefor *Burk v. State,* 73 Tenn. 349, 350. Other authority supporting this holding is found in Ann.Cas.1918B, at page 283 and 50 Am. Jur. (Statutes) Sec. 579, p. 575, and 82 C.J.S., Statutes, sec. 307, p. 523. We do not place our decision on this ground and merely make the statement above as to what the ground was that the Chancellor placed it on for the purpose of showing how he acted. We do not comment on this conclusion one way or the other.

If we are satisfied of the correctness of the holding of the lower court it is our duty to affirm even though we affirm on another ground.

 After studying the case we are satisfied that Chapter 334 of the Private Acts of 1929, giving Lake County alone the right to elect members of the County Court or Justices of the Peace on its Board of Education, is an unconstitutional Act as violative of Section 8, Article 11 of the Constitution of Tennessee.

As we said above this Private Act of 1929, Chapter 334, provides that Justices of the Peace of Lake County may be elected to the Board of Education, and in this respect this Act differs from the general law carried in the Code Section 49-209, T.C.A., wherein it is expressly forbidden for any member of the Quarterly Court to serve on the Board of Education. Therefore it is very clear and plain that this Private Act applying to Lake County is different from and the qualifications necessary for members of the County Board of Education of that County are entirely different from those fixed by general law for such officers in other Counties. The question is closely related to the holding of this Court in the case of *Gallien v. Miller,* 170 Tenn. 93, 92 S.W.2d 403. In that case the qualifications necessary for the County office of County Superintendent of Education in Wayne County was a Private Act made different from and inconsistent with that required by the general law for other counties of the State. The Private Act was held to be in violation of Section 8 of Articles 1 and 11 respectively, of our Constitution with this statement, 170 Tenn. at page 97, 92 S.W.2d 404:

"The qualification necessary for an applicant for county superintendent of education being fixed by gen-

eral law, another and different qualification could not validly be required of an applicant for such office by a legislative enactment localized to Wayne County."

For the same reason as that stated in the quotation just made, and upon authority of that case, we must hold that this provision Chapter 334 of the Private Acts of 1929 is unconstitutional. The constitutionality of this Private Act was raised by the appellees on appeal in addition to what we have said above.

For the reasons herein stated we hold that the Private Act of 1929 Chapter 334 of that Act is unconstitutional and that the appellants, defendants below are ineligible to hold the office as members of the Board of Education of Lake County. The bill must be sustained for this reason and the decree of the Chancellor below is affirmed, for this reason, with costs.