**SOUTHERN RAILWAY COMPANY**

v.

**Hon. Winfield DUNN, Governor, et al.**

**Lewis R. DONELSON, III, et al.**

v.

**James HARPSTER.**

**SOUTH CENTRAL BELL TELEPHONE COMPANY**

v.

**Lyle LANDERS et al.**

Supreme Court of Tennessee.

July 3, 1972.

Clyde W. Key, Knoxville, F. Clay Bailey, Jr., Nashville, Dawson Hall, Chattanooga, Harry W. Laughlin, James M. Manire, Memphis, Bass, Berry & Sims, Raymond Whiteaker, Jr., Nashville, for plaintiffs-appellants.

Milton P. Rice, Deputy Atty. Gen., Nashville, for defendants-appellees.

Larry D. Woods, Nashville, for intervenor Clifford Allen.

## OPINION

McCANLESS, Justice.

The plaintiffs, (1) Southern Railway Company, (2) Lewis R. Donelson and others (including the City of Memphis), and (3) South Central Bell Telephone Company, filed in the Chancery Court at Nashville three separate but similar complaints against certain officials of the State of Tennessee: the Governor, the Attorney General, the Commissioner of Revenue, the Treasurer, the Secretary of State, the Comptroller, and the members of the Election Commission. The plaintiffs averred that there exists a genuine controversy between the plaintiffs and the defendants' jurisdiction to determine which is vested in the court by Section 23–1101 et seq., Tennessee Code Annotated, the Declaratory Judgment Act.

The relief sought by the plaintiffs, in essence, is to have the amendment to the Constitution of Tennessee proposed by the 1971 Constitutional Convention, known as Resolution 74, adjudged void and that the defendants be enjoined from submitting it to the electorate for ratification.

Clifford Allen, as a property owner and taxpayer and as Assessor of Property of the Metropolitan Government of Nashville and Davidson County, and as a delegate to the Constitutional Convention was allowed to intervene as a defendant.

The defendants moved to dismiss the complaints.

Because they presented the same issues, the Chancellor heard the three suits together and after he had heard arguments, he reserved judgment. Later, he filed his memorandum opinion on which was based a decree dismissing the three complaints. The plaintiffs appealed, and we have heard oral arguments and have considered the briefs filed on behalf of the parties.

The appellees contend that unless and until the voters ratify the constitutional amendment proposed by the Convention, which has not yet adjourned *sine die*, the question posed by the appellants is based on a contingency which may never arise, and that the plaintiffs lack standing to maintain their suits and the question is not justiciable.

If the appellees are correct in this contention then the Chancellor properly dismissed the suits and the appellants may not prevail in their appeals.

The plaintiffs insist (1) that the acts of the 1971 Constitutional Convention are invalid because it was convened less than six years after the adjournment of the Convention of 1965, and (2) that provisions of the amendment proposed for ratification by the electorate on August 3, 1972, conflict with the statute that authorized the convention.

■ With regard to the first of these two insistences the applicable provision of Article 11, Section 3 of the Tennessee Constitution is: "No such convention shall be held oftener than once in six years."

The Convention of 1965 was convened on July 26, 1965, and adjourned *sine die* on July 1, 1966. The Convention of 1971 was convened on August 2, 1971, and has not yet adjourned *sine die*. The 1971 Convention, therefore, was convened more than six years after the convening of the 1965 Convention but less than six years after it had adjourned.

Our attention has been called to the circumstance that the 1965 Convention was convened less than six years after the 1959 Convention had adjourned. It would appear, then, that our General Assemblies have construed this limitation to apply to the time that must elapse between the convening dates of two conventions and that the full period of six years need not separate the date of adjournment of one convention from the convening date of the next.

Although we are without precedent directly controlling this question, we find that in Derryberry v. State Board of Election Commissioners, 150 Tenn. 525, 266 S. W. 102 [1925], the Court with reference to the construction of Article 11, Section 3, as then written, and after citing a number of Acts of the General Assembly, said:

"The practical construction of the Legislature, extending over a period of so many years, is entitled to great weight in construing this provision of our Constitution."

Since the Legislature twice by its enactments has construed Article 11, Section 3, to allow a convention to be convened less than six years after the adjournment of the previous one but more than six years after it was convened, we accept that construction. A holding otherwise might work great mischief.

■ With regard to the objection that the proposal conflicts with the statute that authorizes the convention it is sufficient to say that the convention has not yet adjourned and it may convene again and alter its proposal. We suggest this as a possibility but we express no opinion as to the validity of the objection. We consider, however, that the appellants have advanced it prematurely.

Without expressing an opinion about the validity of the amendment that will be submitted to the electorate on August 3, 1972, we hold that there exists the possibility that it will be valid.

In West v. Carr, 212 Tenn. 367, 370 S. W.2d 469 [1963], the Court, through Judge Felts, said:

"So, clearly, there is no ground for complainant's attack upon this Act. Of course, if the convention should propose, and the people of the State should ratify, an amendment which should be in conflict with the Federal Constitution and should adversely affect complainant, he would then have his remedy. Upon such showing by him, it would be the duty of the courts, state and federal, under the 'supremacy clause,' to declare such amendment void to the extent of the conflict.

"But such duty can arise only after such a case has been presented. Manifestly, it is now impossible to predict what the convention may do—what proposal or proposals it may make; and it is equally impossible to foretell whether, if any proposal or proposals are submitted, the people, by their vote, will ratify or reject them.

"In these circumstances, it is plain that complainant's bill fails to state a cause under our Declaratory Judgments Act. That Act deals only with present rights that have accrued under presently existing facts. It gives the Court no power to determine future rights or possible controversies in anticipation of events

that may not occur. Ball v. Cooter et al., 185 Tenn. 631, 634, 207 S.W.2d 340, 342; Coleman v. Henry, 184 Tenn. 550, 554, 201 S.W.2d 686; Jared et al. v. Fitzgerald et al., 183 Tenn. 682, 688, 689, 195 S.W.2d 1, 4; Newsum v. Interstate Realty Co., 152 Tenn. 302, 278 S.W. 56; Annotations, 12 A.L.R. 52, 69, 87 A.L.R. 1205, 1215–1219.

"It does not enable courts to give advisory opinions upon what the law would be upon a theoretical or hypothetical state of facts. Hodges v. Hamblen County, 152 Tenn. 395, 399, 277 S.W. 901; Ball v. Cooter et al., supra; Jared et al. v. Fitzgerald et al., supra.

" 'We will not pass on the constitutionality of a statute, or any part of one, unless it is absolutely necessary for the determination of the case and of the present rights of the parties to the litigation. Phillips v. West, 187 Tenn. 57, 213 S.W.2d 3, 5' (State ex rel. Loser v. National Optical Stores Co., 189 Tenn. 433, 444, 225 S.W.2d 263, 268) State ex rel. West v. Kivett, 203 Tenn. 49, 56, 308 S. W.2d 833."

In his excellent opinion, the Chancellor wrote:

"The concept of justiciability has been explained in many ways, and naturally so, because justiciability has application to every facet of a lawsuit: to the essential nature of the question presented; to the status of the parties; to the nature of the relief sought; and one could go on. Having examined some of these aspects of these lawsuits, it is clear that this dispute is presently not justiciable.

"First, the wrongs, or potential wrongs, complained of are contingent upon the happening of future events, which happening is uncertain. The adoption by the Constitutional Convention of Resolution 74 affects no person's present rights. It is a mere proposal.

" 'A constitutional convention, however, has no power to take any final action, but can only propose constitutional changes for ratification or rejection by the people.' West v. Carr, 212 Tenn. 367, 374, 370 S.W.2d 469

"In due course it may be submitted to the people for ratification or rejection. Yet that is by no means certain. The Convention has not yet adjourned *sine die*. Prior to August 3, 1972, it can reconvene and undo all of its previous work, redraft Resolution 74, or even decide to submit no proposal to the people. If the Convention does submit Resolution 74 in its present form to the people, they may ratify or reject it. Assuming ratification, it remains for the General Assembly to pass executing legislation.

"Thus, at the present time defendants have no legal capacity to affect the plaintiff's rights. Moreover, the defendants may never have that capacity. The law regarding the giving of declaratory judgments in such a situation is not in dispute:

" 'It should be realized that declaratory judgment deals with present rights and courts will not declare contingent rights until they have become fixed under an existing state of facts nor will they determine future rights in anticipation of the contingent event that may never happen.' 1 Anderson, § 9, at 13, 1959 Supplement."

And again:

"Resolution 74 is not an accomplished legal act. It is a mere proposal. It has altered no one's legal rights. None of the defendants here has been empowered by Resolution 74 with legal capacity to place plaintiffs' rights in jeopardy. The suit is premature and non-justiciable."

We conclude that the appellants by their complaints did not present justiciable causes of action and that their suits must be dismissed. We affirm the decree of the Chancery Court.

CHATTIN, J., and JENKINS and TODD, Special Judges, concur.